Fowler Johnson

*v.*

State of Tennessee.

(*Nashville,* December Term, 1960.)

Opinion filed July 26, 1961.

Karl E. Monroe, Celina, for plaintiff in error.

Thomas E. Fox, Assistant Attorney General, for defendant in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

The defendant below, Fowler Johnson, was found guilty of the charge of receiving and possessing unlawful intoxicating liquors on or about May 25, 1960, and sentenced to serve 90 days in the county jail, from which he has appealed.

The evidence upon which the defendant was convicted was obtained by a search warrant and two copies thereof authorizing the search of a motel consisting of six cabins, all of which are described in two copies of a search warrant.

The defendant objected to the introduction of testimony by the State of evidence of the search and seizure on the ground that the search warrant was invalid because: (1) it was invalid due to the fact that the copy of the search warrant left with the defendant was not an exact copy of the original and other copy of the warrant, and (2) that the search warrant was a general warrant enabling the officers to search multiple premises, some of which were in possession of and occupied by strangers to the process, thus being in violation of Article I, Section 7 of the Constitution of Tennessee.

622

■ In this connection see *Worden v. State,* 197 Tenn. 340, 343; 273 S.W.2d 139. This case cited holds that a search warrant is invalid where it authorizes the search of multiple premises that are occupied by different persons.

T.C.A. Section 40-518 reads as follows:

"Copies of search warrants required—Indorsement —Evidence.—All magistrates, clerks of courts, judges and * * * other * * * persons whomsoever issuing search warrants shall prepare an original and two (2) exact copies of same, one (1) of which shall be kept by him as a part of his official records, and one (1) of which shall be left with the person or persons on whom said warrant is served. The original search warrants shall be served and returned as provided by law. The person or persons as aforesaid who issue said warrants shall indorse the warrants showing the hour, date, and the name of the officer to whom the warrants were delivered for execution, and the exact copy of such warrant and the indorsement thereon, shall be admissible in evidence in the courts. *Failure to comply with this section shall make any search conducted under said warrant an illegal search and seizure.*"

(Acts 1959, Ch. 241, Sections 1, 2.)

The provisions in the above Section have been held by this Court recently to be mandatory. See *Talley v. State,* 208 Tenn. 275, 345 S.W.2d 867.

■ Most of the description in the copy of the search warrant left with the defendant is omitted altogether although it is fully set out in the original and other copy. An examination of the original and second copy shows

that even they are not alike and exact copies, each appears to be an original and not a carbon copy and written separately.

The General Sessions Judge testified that the reason the copies were not alike was that the carbon paper was too short.

We think this was fatal as under the above-quoted Section, the defendant must be furnished with an exact copy of the search warrant.

It appears that the cabins searched by the officers were occupied, although it appears that one party, other than the defendant, did rent and still rents one of the cabins at the time of the search.

We think upon both of the above grounds the search was invalid. See in this connection *Worden v. State,* supra.

It results that the judgment of the lower court will be reversed and the case dismissed.

TOMLINSON, BURNETT, SWEPSTON and FELTS, JJ., concur.