[No. 166-2.   Division Two.   January 6, 1971.]

THE STATE OF WASHINGTON, *Respondent*, v. O'NEIL CHISHOLM, *Appellant.*

*Tanner & Burgess* and *Jack E. Tanner*, for appellant.

*Ronald L. Hendry, Prosecuting Attorney, Joseph D. Mladinov, Special Counsel, Eugene G. Olson, Chief Criminal Deputy*, for respondent.

PETRIE, J.—Defendant has appealed from a judgment and sentence following a jury verdict of guilty of the crime of possession of cocaine, a narcotic drug. The circumstances which gave rise to this charge arose after the defendant had been arrested on another matter and he was being searched in the Tacoma police station. At the time he was emptying his pockets, evidence indicated, two capsules (later identified as cocaine) dropped from his hands.

The defendant's appeal asserts two assignments of error. First is the trial court's denial of a motion for mistrial based upon a police officer's testimony that, when arrested, defendant was told "he was under arrest for the charge of *robbery.*"

It is clear that the defendant was arrested in Seattle, by officers of the Seattle Police Department, at the request of officers of the Tacoma Police Department who had in their

possession a warrant for the arrest of Mr. Chisholm. Very briefly after the arrest, the Tacoma officers, who were traveling in another vehicle, arrived at the scene of the arrest. Detective Sergeant John Vejvoda, one of the Tacoma officers, described their arrival at the scene. Then the following testimony developed:

Q. What did you do, if anything? A. We approached the car where they had just placed the handcuffs on him as we drove up, and we identified ourselves and told him we were police officers from Tacoma and he was under arrest; and my partner, Detective Sergeant White, had the arresting warrant and read the warrant to him and told him he was under arrest for the charge of robbery.

Counsel for defendant immediately moved for mistrial. The court denied the motion and immediately admonished the jury to disregard the remark concerning another charge.

■ It was error to have injected into this trial any reference to another crime with which the defendant had been charged. *State v. Goebel*, 40 Wn.2d 18, 240 P.2d 251 (1952). None of the exceptions enunciated in *Goebel* apply. The test of *prejudicial* error is fairly clear.

Did the inadvertent remark, which the jury was instructed to disregard, when viewed against the backdrop of all the evidence, so taint the entire proceedings that the accused did not have a fair trial?

*State v. Johnson*, 60 Wn.2d 21, 29, 371 P.2d 611 (1962).

It is obvious that prior to Detective Vejvoda's inadvertent remark, the jury was already aware that the search of defendant's person in the Tacoma police station was being conducted as a result of his arrest in Seattle and his subsequent transportation to Tacoma. The additional element supplied by the erroneous remark served merely to identify the specific charge which had been the occasion of that arrest. When viewed against the backdrop of all the evidence, we cannot say the inadvertent remark so tainted the entire proceedings to the extent that Mr. Chisholm did not receive a fair trial.

The only other assigned error challenges the propriety of

the court's instruction[1] of presumptive unlawfulness of the possession should the jury find that the defendant actually was in possession of a narcotic drug on the date charged. The instruction has been repeatedly approved in this state. *State v. Robinson,* 75 Wn.2d 230, 450 P.2d 180 (1969).

The defendant contends, however, that a recent pronouncement by the United States Supreme Court, *Turner v. United States,* 396 U.S. 398, 24 L. Ed. 2d 610, 90 S. Ct. 642 (1970), *rehearing denied* 397 U.S. 958, 25 L. Ed. 2d 144, 90 S. Ct. 939 (1970), requires a reappraisal of the validity of the presumption instruction. We disagree.

*Turner* did reverse the conviction of a defendant who had been found guilty of a violation of a federal statute,[2] by knowingly receiving, concealing and transporting cocaine knowing that the cocaine had been unlawfully imported into the United States. The jury had been told the federal statute provided that whenever it has been shown the defendant was in possession of the narcotic drug, such possession was deemed sufficient evidence to authorize conviction unless the defendant explained the possession to the satisfaction of the jury. The Supreme Court reversed the conviction on the theory that the statutorily created presumption of the ultimate fact (knowledge of its having been smuggled into the country) based upon proof only of the basic fact (mere possession) violated the concept of due process to which the defendant was entitled under the fifth amendment to the United States Constitution. The thrust of the court's opinion is that a statutorily authorized inference is constitutionally invalid unless it can at least be said with

---

[1]Instruction 14 provided: "If you find from the evidence beyond a reasonable doubt that the defendant was on or about the date set forth in the Information, in Pierce County, Washington, in possession of the narcotic drug described in the Information herein, then I instruct you that unless you find evidence to the contrary, the presumption arises that this possession of such drug was unlawful and the burden of showing you that such narcotic drug was lawfully obtained and possessed by the defendant is a matter of defense to be proved by evidence sufficient to raise in your minds a reasonable doubt as to the unlawfulness of said defendant's possession of such drug."

[2]21 U.S.C. § 174.

substantial assurance that the presumed fact is more likely than not to flow from the proved fact on which it is made to depend. *See Leary v. United States,* 395 U.S. 6, 23 L. Ed. 2d 57, 89 S. Ct. 1532 (1969). The court could not find such assurance.

Assuming, solely for the sake of argument herein, that the same definition of evidentiary due process is obligatory upon the states by virtue of the Fourteenth Amendment, we can, and readily do, find with substantial assurance that the presumed fact (unlawful possession under our state statute) is more likely than not to flow from the proved fact (mere possession of the cocaine) on which it is made to depend. The instruction given was, therefore, quite correct.

Judgment affirmed.

ARMSTRONG, C. J., and PEARSON, J., concur.