[No. 582-2.   Division Two.   December 28, 1972.]

THE STATE OF WASHINGTON, *Respondent,* v. CHARLES LYNN BOWMAN, *Appellant.*

*William N. Goodwin, Jr.,* for appellant (appointed counsel for appeal).

*Ronald L. Hendry, Prosecuting Attorney,* and *Joseph D. Mladinov, Special Counsel,* for respondent.

PETRIE, C.J.—Defendant has appealed from a judgment and sentence following a jury verdict of guilty to the crime of possession of LSD, a dangerous drug. The circumstances which gave rise to this charge developed while officers of the Tacoma Police Department were executing a search warrant at the home of Raymond and Patricia Webb in the city of Tacoma.

The defendant assigns error first, to the trial court's denial of a motion to suppress the evidence seized. He contends that a copy of the search warrant was not served on him pursuant to statutory mandate.

The events leading to the defendant's arrest are not in dispute. On April 23, 1971, the Tacoma Police Department obtained a warrant to search for dangerous drugs and narcotics on premises located at a specified address in Tacoma. Armed with the warrant, seven city police officers converged on the house. One group of officers went to the front door, the other to the rear door. Officer Walter executed the warrant by knocking on the front door, gaining admission by permission of the householder, Raymond Webb, and reading the warrant to all those present in the house, including the defendant. Webb was served with a copy of the warrant, the defendant was not. While the warrant was being read, Officer Thomas Heerema observed the defendant with a small plastic baggie partially protruding from his left hand. The defendant was seated on a davenport directly in front of Heerema. The officer testified that the defendant slowly moved his left hand down his leg toward the floor. As soon as the warrant had been completely read, Heerema seized the baggie from the floor at the defendant's feet. Later examination revealed that the baggie contained an orange powder identified as LSD. It is this baggie, alone,

which provides the basis for the unlawful possession charge against this defendant.

At the time the warrant in the instant case was issued, RCW 69.40.100[1] provided that a search warrant for dangerous drugs shall be executed in the following manner:

A copy of said warrant shall be served upon the person or persons found in possession of any such dangerous drugs, furniture or fixtures so seized, and if no person be found in the possession thereof, a copy of said warrant shall be posted on the door of the building or room wherein the same are found, or, if there be no door, then in any conspicuous place upon the premises.

The defendant contends that the provisions of a statute governing the execution of a search warrant must be strictly complied with—anything short of strict compliance renders the search proceedings void—and any evidence obtained thereby inadmissible. We disagree.

Defendant was present during the reading of the warrant and at the time when the copy was served upon the householder. The deviation from the directive of the statute was technical in nature, and the officer's substantial compliance with its terms did not result in any disadvantage to the defendant. In *Tacoma v. Mundell*, 6 Wn. App. 673, 495 P.2d 682 (1972), we upheld the validity of a search warrant which was not personally served upon the defendant at the time of his arrest, but was placed in his property box and received by him the following day upon his release from jail on bail.

Demanding strict compliance with the rules governing the execution of valid search warrants, no matter what the circumstances, would unduly hamper the orderly enforcement of criminal law without, in this case, materially protecting a countervailing personal right of the defendant.

[1]This section has been repealed, effective May 21, 1971, and a new section enacted in its place under the Uniform Controlled Substances Act, RCW 69.50.509. The provision for the service of the copy of the warrant has been deleted. Under the new statute, the officer making the arrest must inform the defendant that he acts under the authority of a warrant and must also show the warrant.

Accordingly, we hold the trial court was correct in denying defendant's motion to suppress the evidence.

The defendant next assigns error to the trial court's denial of his motion for mistrial made after the deputy prosecutor displayed a large clear plastic bag to the jury containing numerous drug items which had no relevancy to the charges against him.

The search of the Webb residence resulted in the seizure by police officers of numerous drugs and drug related items, including the small baggie allegedly possessed by the defendant. These items were placed in a large clear plastic bag (state's exhibit 2) but were not admitted into evidence at trial. Motions in limine were made by counsel for defendant prior to trial in order to prevent the prosecution from displaying exhibit 2 to the jury or making any reference to other drugs or paraphernalia seized in the search. Defendant's counsel also offered to stipulate to the chain of evidence regarding the small baggie in an attempt to avoid any prejudicial effect which would result from showing exhibit 2 to the jury. These motions were denied. Instead, the trial court instructed the deputy prosecutor to extract the small baggie from exhibit 2 at the appropriate time.

During the presentation of the state's evidence, a witness, Officer Walter, in the jury's presence, was handed exhibit 2 by the prosecuting attorney, and asked to identify it. The officer testified that it contained the evidence seized during the search of the Webb residence. At this point defendant's counsel moved for a mistrial. The court denied the motion and at the close of trial instructed the jury to exclude from their consideration any evidence not admitted by the court.

It was error to have injected into this trial any reference to evidence which had no bearing on the crime with which the defendant was charged. *State v. Chisholm*, 4 Wn. App. 29, 479 P.2d 164 (1971). None of the exceptions to this rule are applicable here. *See State v. Goebel*, 40 Wn.2d 18, 240 P.2d 251 (1952).

We need not determine whether or not this trial error,

standing by itself, constitutes prejudicial error. Defendant has assigned error to the trial court's failure to grant his motion for new trial because of cumulative error which occurred during the trial. Specifically, the defendant calls our attention to the repeated mention of the word "narcotics" by the deputy prosecutor and by the state's witnesses when the charge against him related only to dangerous drugs.

Although we do not think there was reversible error solely in the use of the word "narcotics" rather than dangerous drugs, the repeated reference to contraband other than that which formed the basis of the specific crime charged injected a totally unwarranted tone to these proceedings. This error, together with the erroneous display of large quantities of inadmissible drugs and drug related items had the cumulative effect of depriving the defendant of a fair trial. *State v. Whalon*, 1 Wn. App. 785, 464 P.2d 730 (1970). Accordingly, the defendant is entitled to a new trial under the cumulative error rule.

Although the foregoing ruling disposes of this appeal, we deem it necessary to discuss defendant's final assignment of error, because it may be of importance upon retrial.

Defendant assigns error to the trial court's instruction on actual or constructive possession[2], and its refusal to give a requested instruction[3] that he had only passing control of the drug in question.

The defendant misconstrues the concept of "passing

---

[2]Instruction 8 provided: "You are instructed that possession may be actual or constructive. Actual possession means that the goods are in the personal custody of the person charged with possession. Constructive possession means that the person charged with possession has dominion and control of either the drugs or the premises on which the drugs were found."

[3]The defendant's proposed instruction provided: "If drugs are not found on the defendant you are not entitled to find him guilty of actual control or possession of the drugs if he merely handled the drugs since such mere handling is only passing control which is only a momentary handling."

control" as discussed in *State v. Callahan*, 77 Wn.2d 27, 459 P.2d 400 (1969). In the case at bench, evidence indicated that the defendant was in actual control of the small baggie as well as in constructive possession while it lay at his feet. The instruction given was a correct statement of the applicable law. Furthermore, the defendant's possession was terminated solely by the action of the officer who seized it after the defendant had attempted to secrete it. That kind of possession constitutes more than "momentary handling." The trial court properly refused to give the proposed instruction. *State v. Werry*, 6 Wn. App. 540, 494 P.2d 1002 (1972).

Judgment reversed.

PEARSON and ARMSTRONG, JJ., concur.