UNITED STATES of America

v.

**Hubert Clegg COOPER, Jr.**

**No. CR–76–65.**

United States District Court, W. D. Tennessee, W. D.

Oct. 4, 1976.

Devon L. Gosnell, Asst. U. S. Atty., Memphis, Tenn., for plaintiff.

James E. Eikner, Memphis, Tenn., for defendant.

## ORDER

WELLFORD, District Judge.

Defendant has filed a motion to suppress evidence obtained from his home on the basis that the officers who began the search were not armed at the time with a search warrant. It is undisputed that at the time of the search a valid warrant had issued after an appearance before the federal magistrate; however, the officers who instituted the search learned of said warrant from a radio communication from another agent. All the agents had participated in an oral interview with the defendant that day earlier. The warrant was not in the possession of the agents until approximately an hour and a half after the search was begun.

The issue presented for the Court's determination is whether, under the Fourth Amendment, federal officers were entitled to conduct a search of defendant's home when they had received radioed information that a warrant had issued, but before they had actual physical possession of the warrant.

Rule 41(d) of the Fed.R.Crim.P. requires that "[t]he officer taking property under the warrant . . . give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken . . . ." It is settled law in this Circuit that asserted irregularities in the procedures set out in Rule 41(d) do not void an otherwise valid search. *United States v. McKenzie*, 446 F.2d 949 (6th Cir. 1971). Although Rule 41(d) requires that a warrant be served upon the person searched, the Fourth Amendment does not require that it invariably be done before the search takes place. *United States v. Martinez*, 498 F.2d 464 (6th Cir. 1974); *United States v. McKenzie, supra.* Thus, absent a showing of prejudice (which is not averred herein), asserted irregularities in the procedures in Rule 41(d) do not void an otherwise valid search. Accordingly, the fact that the warrant was not actually served on defendant until after the search was begun would not invalidate the search if it were otherwise valid, where a search was actually authorized by the United States Magistrate by warrant.

Defendant contends that the search contravenes the Fourth Amendment in two important respects. First, it is argued that the methods used to obtain a search warrant in this case deprived defendant of his right to have probable cause determined by independent judicial scrutiny. See *McDonald v. United States*, 335 U.S. 451, 455, 69 S.Ct. 191, 93 L.Ed. 153 (1948); *U.S. v. Sanchez*, 509 F.2d 886 (6th Cir. 1975). Second, defendant claims a violation of his right to have the premises to be searched and the property to be seized specified with particularity. See *Marron v. United States*, 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed. 231 (1927); *U.S. v. Sanchez, supra.*

Defendants contentions arise from the fact that the record does not reflect whether the officers had specific knowledge of the contents of the warrant. The warrant itself, however, is very specific as to items sought.

The validity of the warrant itself is not really subject to question; therefore, the Court must assume that the warrant was issued upon an adequate showing of probable cause to a disinterested Magistrate. The hearing on the motion, furthermore, indicated a basis for probable cause.

■ The Court is disposed to find that defendant's rights have not been violated considering circumstances and safeguards. The search was made pursuant to a valid warrant which was properly issued. The search officers had been notified of the issuance and it was immaterial that the warrant was not physically present during the search, although, of course, the better procedure would have been for the agent to await delivery of the warrant before commencing the search.

Defendant's motion to suppress is therefore denied. The prosecution, however, is limited to the specific items listed in the search warrant of the home, and no other items may be utilized by the prosecution in the trial of this cause.