[No. 2421–3. Division Three. July 6, 1978.]

THE STATE OF WASHINGTON, *Appellant,* v. RODNEY
WRASPIR, ET AL, *Respondents.*

*Paul Klasen, Prosecuting Attorney,* and *James A. Whit-
aker, Deputy,* for appellant.

*Nels A. Hansen,* for respondents.

Roe, J.—Armed with a search warrant, six officers approached defendants' trailer to search for controlled substances and to search any persons found therein. The officers went in after knocking on the door. Two men were found inside, but they are not the present defendants. They were searched for contraband and were transported to the county jail and booked for possession of controlled substances after such substances were found in the trailer. The two men were released since no contraband was found on their persons. The defendants, owners of the trailer, were absent during the search. Officer Schultz went through the trailer, picked up items as they were found, marked them, and gave them to Reserve Officer Bews, who then put them into small plastic bags. A third officer, Simmons, collected these in a larger bag. Meanwhile Officer Little, the fourth officer, listed each article and where it was found. It is disputed whether the search warrant was given to either or both of the two men who were arrested and subsequently released. Certainly they were not given a receipt; however, the officers left a copy of the search warrant and an inventory of the items seized on the dining room table when they secured the trailer and left. The actual inventory obviously was not made in the presence of the only two occupants at the time because they were on their way to jail. Later Officer Schultz checked the inventory list and found that it was true and correct.

The defendant owners of the trailer, who were charged with possession of controlled substances, seek to suppress this evidence for an alleged violation of CrR 2.3(d).[1] They

---

[1]CrR 2.3(d) reads as follows:

"The peace officer taking property under the warrant shall give to the person from whom or from whose premises the property is taken a copy of the warrant and a receipt for the property taken. If no such person is present, the officer may post a copy of the search warrant and receipt. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the person from whose possession or premises the property is taken, or in the presence of at least one person other than the officer. The judge shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant."

argue that the rule requires the inventory to be made in the *presence* of the person from whose possession or premises the property is taken. That part of the rule does not apply since these defendants were absent. The second part of the rule states that the inventory may also be made "*in the presence of at least one person other than the officer.*" (Italics ours.) The trial court suppressed the evidence and held that this latter part of the rule had not been complied with since the two men who had been in the trailer were not present, having been on their way to jail, and no one else was in the trailer except the officers who, the court believed, had all been engaged in making the inventory.[2]

The defendants urge that the trial court's suppression order should also be affirmed because the officers did not serve a copy of the warrant or receipt upon the two men who were arrested. This contention is without merit. The rule requires the officer to give the warrant and receipt to the person from whom or from whose premises the property is taken. Clearly, the two men who happened to be in the trailer did not fit that description. Nor does the Fourth Amendment require immediate service of the warrant before the search may begin. *United States v. Cooper,* 421 F. Supp. 804 (W.D. Tenn. 1976); *see also United States v. Donovan,* 429 U.S. 413, 50 L. Ed. 2d 652, 97 S. Ct. 658 (1977); *United States v. Cafero,* 473 F.2d 489 (3d Cir. 1973) (both involving wiretapping). Searches may be conducted in defendant's absence without violating the Fourth Amendment. *United States v. Gervato,* 474 F.2d 40 (3d Cir. 1973).

The trial court did not, however, suppress on that ground; it suppressed because no one else was present. No reported Washington case has interpreted this particular part of this rule. We are asked to extend the exclusionary doctrine and hold that if the rule were violated, the evidence must be suppressed.

---

[2]The fifth and sixth officers did not participate in the search at all; they stayed with the two men, and then took them to jail.

█ Looking to federal precedents, we find that Fed. R. Crim. P. 41(d)[3] is similar to CrR 2.3(d), and provides that an inventory "shall be made in the presence of the applicant for the warrant [the officer] and the person from whose possession or premises the property was taken, if they are present, *or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken,* and shall be verified by the officer." (Italics ours.) It appears arguable under the federal rule that the one other "credible person" clearly could be another officer. The purpose of the rule seems to be to safeguard, if possible, against errors, willful or inadvertent, by one officer acting alone.

We note that subsection (d) of CrR 2.3 speaks in the singular—one person other than "*the* officer," (italics ours) not "officers" or "*an* officer," is to be present. In this case three other officers were present in addition to the officer who listed the inventory. The rule does not exclude other officers.

The State points out that if we were to adopt the interpretation defendants insist upon, then if the police go to execute a search warrant when no one is at home, they would either have to carry some disinterested person along with them or pick up some person from the street to witness the inventory. We doubt that the rule requires this result.

---

[3]Fed. R. Crim. P. 41(d) reads as follows:

"(d) Execution and Return with Inventory. The officer taking property under the warrant shall give to the person from whom or from whose premises the property was taken a copy of the warrant and a receipt for the property taken or shall leave the copy and receipt at the place from which the property was taken. The return shall be made promptly and shall be accompanied by a written inventory of any property taken. The inventory shall be made in the presence of the applicant for the warrant and the person from whose possession or premises the property was taken, if they are present, or in the presence of at least one credible person other than the applicant for the warrant or the person from whose possession or premises the property was taken, and shall be verified by the officer. The federal magistrate shall upon request deliver a copy of the inventory to the person from whom or from whose premises the property was taken and to the applicant for the warrant."

The purpose of the rule was adequately followed and satisfied; sufficient checks and balances were demonstrated in this case. Additionally, defendants have shown no prejudice if in fact the rule were violated; therefore, suppression would be inappropriate. *Cf. State v. Smith,* 15 Wn. App. 716, 552 P.2d 1059 (1976); *see also United States v. Moore,* 452 F.2d 569 (6th Cir. 1971), *cert. denied,* 407 U.S. 910, 32 L. Ed. 2d 684, 92 S. Ct. 2435 (1972).

The order suppressing the evidence is reversed.

McINTURFF and WILLIAMS, JJ., concur.