[No. 3782–7–III.  Division Three.  February 17, 1981.]

THE STATE OF WASHINGTON, *Appellant,* v. WAYNE L. PARKER, ET AL, *Respondents.*

*Paul A. Klasen, Jr., Prosecuting Attorney,* and *Guy Nelson, Deputy,* for appellant.

*Patrick R. Acres, Richard C. Fitterer,* and *Milne, Lemargie & Fitterer,* for respondents.

ROE, J.—The State appeals an order granting defendants Parker's and White's motion to suppress evidence.

The pertinent facts may be summarized as follows:

After a finding of probable cause, a warrant was duly issued for a search of Parker's and White's residence. The original was dated and signed by the magistrate. At the time of the search, a nonconformed copy was given to the defendants; it was neither signed in the space provided for the issuing magistrate's signature, nor dated. It did contain the name of the affiant who provided the information for probable cause, and properly designated the place to be searched and described the property to be seized. The record does not show a demand was made for a showing of a conformed copy of the warrant.

Police officers seized marijuana plants found at the defendants' residence. Defendants' motion to suppress the evidence on the sole ground that the copy of the warrant handed to them lacked the issuing magistrate's signature and date was granted.

Assuming arguendo the instant copy should have been signed and dated, the dispositive question is whether such a violation of CrR 2.3(d) and JCrR 2.10(d)[1] renders the search invalid. We hold it does not.

The rules for the execution and return of a valid search warrant are ministerial in nature. *State v. Smith,* 15

---

[1] It is unclear whether the warrant was issued pursuant to the Justice Court Criminal Rules or the Superior Court Criminal Rules.

Wn. App. 716, 552 P.2d 1059 (1976); *United States v. McKenzie,* 446 F.2d 949 (6th Cir. 1971); *State v. Montagna,* 35 Conn. Supp. 225, 405 A.2d 93 (1979); *Braden v. State,* 135 Ga. App. 827, 219 S.E.2d 479 (1975); *People v. Harrison,* 83 Ill. App. 2d 90, 226 N.E.2d 418 (1967). Absent a showing of prejudice to the defendant, procedural noncompliance does not compel invalidation of the warrant or suppression of its fruits. *State v. Wraspir,* 20 Wn. App. 626, 581 P.2d 182 (1978); *State v. Smith, supra; State v. Bowman,* 8 Wn. App. 148, 504 P.2d 1148 (1972); *United States v. Cooper,* 421 F. Supp. 804 (W.D. Tenn. 1976). Defendants Parker and White made no showing of prejudice; therefore, the order suppressing the evidence is reversed and the case remanded for trial.

McINTURFF, C.J., and GREEN, J., concur.