433 So.2d 1378 (1983)
Douglas HARDEN, Appellant,
v.
STATE of Florida, Appellee.
No. 82-1002.
District Court of Appeal of Florida, Second District.
July 13, 1983.
Vaughn C. Brennan, P.A., Winter Haven, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Frank Lester Adams, III, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant attacks his conviction for possession of controlled substances and narcotics paraphernalia on grounds of improper execution of a search warrant which led to the seizure of the items for which he was convicted of possessing. He preserved this point for appeal at the time he pled nolo contendere.
There was no question of probable cause for the issuance of the search warrant. However, at the hearing on the motion to *1379 suppress, the parties stipulated that the court could consider a deposition statement of Deputy Moore that the copy of the search warrant which was left with the appellant when his home was searched was a one page document entitled "Search Warrant" signed by the judge. A review of the record before us reflects that the search warrant actually consisted of a first page entitled "Search Warrant," which was dated and signed by the judge, and several attachments. The application, supporting affidavit, and a description of the place to be searched and the things to be seized were incorporated by reference in and attached to the first page. Appellant correctly points out that the first page of the search warrant is simply a form which would be applicable to any search warrant and which could not possibly be legal without its attachments. Thus, he argues that the seizure must be quashed for the failure to serve him with a copy of the search warrant as provided in section 933.11, Florida Statutes (1981), which reads in pertinent part:
933.11 Duplicate to be delivered when warrant served.  All search warrants shall be issued in duplicate. The duplicate shall be delivered to the officer with the original warrant, and when the officer serves the warrant, he shall deliver a copy to the person named in the warrant, or in his absence to some person in charge of, or living on the premises... .
On this record, there is no doubt that only the first page of the search warrant was given to appellant. Therefore, the issue presented is whether the failure to deliver the copy of the search warrant upon execution automatically invalidates the seizure. There are no Florida decisions on point. Our supreme court in the early Florida case of Pell v. State, 97 Fla. 650, 122 So. 110 (1929), stated in dicta that the failure to issue a search warrant in duplicate rendered it void, but here there is no indication that the search warrant was not issued in duplicate. On the other hand, the court in State v. Henderson, 253 So.2d 158 (Fla. 4th DCA 1971), held that the failure to deliver an exact duplicate of the original search warrant amounted only to the omission of a ministerial act, which in the absence of prejudice would not vitiate the seizure. However, that decision was premised upon the assumption that the warrant was read in its entirety to the defendant at the time of execution, and there is no showing that this was done in the instant case. Cf. State v. Featherstone, 246 So.2d 597 (Fla. 3d DCA 1971) (failure to make return of seized property within ten days as required by section 933.05 deemed harmless where no prejudice was shown).
Most other courts which have considered the question have held that the failure to serve a copy of the search warrant at the time of execution does not invalidate the seizure in the absence of a showing of prejudice. United States v. McKenzie, 446 F.2d 949 (6th Cir.1971); State v. Stachler, 58 Haw. 412, 570 P.2d 1323 (1977); State v. Martelle, 252 A.2d 316 (Me. 1969); State v. Mollberg, 310 Minn. 376, 246 N.W.2d 463 (1976); Commonwealth v. Musi, 486 Pa. 102, 404 A.2d 378 (1979); State v. Parker, 28 Wash. App. 425, 626 P.2d 508 (1981). But see Johnson v. State, 208 Tenn. 620, 348 S.W.2d 295 (1961) (seizure quashed because the defendant was not given an exact copy of warrant where statute specifically provided that failure to make proper execution renders search illegal).
We are inclined toward what we perceive to be the majority rule. The failure to serve a proper copy of the search warrant at the time of execution has no effect upon the constitutional imperatives for its issuance and does not diminish the reliability of the evidence seized. The appellant has made no showing of prejudice in the failure to serve him with a complete copy of the search warrant. There is no indication that he asked for the balance of the warrant or even realized that his copy was incomplete. We do not suggest that the requirement for serving a copy of a search warrant is unimportant, but where, as here, there was no prejudice in the failure to do so, justice would not be served in imposing an exclusionary rule upon the items seized. We hasten to point out that this is not a case in which the officers had no search warrant in *1380 their possession at the time they made their seizure.
AFFIRMED.
BOARDMAN, A.C.J., and SCHOONOVER, J., concur.