MILLS, Judge.
The State appeals from the trial court’s order granting Brooker’s motion to suppress. The trial court found the description of the property to be searched contained in the search warrant fatally defective. We affirm.
The description in the warrant provided directions to the property to be searched located in rural Gilchrist County. But, the description contained two inaccuracies.
First, the warrant failed to describe a U-shaped bend in one of the unnamed dirt roads described in the warrant as leading to the property to be searched. At this bend, another dirt road, not mentioned in the warrant, meets the one described in the warrant.
Second, the warrant described Brooker’s house, located on the property to be searched, as a brick house. Although *387 there is a brick house approximately V-i mile from Brooker’s house, Brooker’s house is wooden.
In a search warrant, the description of the place to be searched must identify the place to be searched to the exclusion of all others and on inquiry lead the searching officers unerringly to it. Shedd v. State, 358 So.2d 1117 (Fla. 1st DCA 1978). Here, the description in the search warrant failed this test because -of the inaccuracies it contained.
AFFIRMED.
SMITH and NIMMONS, JJ., concur.