GRIMES, Judge.
The state appeals an order suppressing evidence seized pursuant to a search warrant because a duplicate signed copy of the warrant was not served upon the defendant at the time of its execution as required by section 933.11, Florida Statutes (1983).
Though contested by the defendant, the record supports the lower court’s finding that the search warrant was signed in duplicate by the judge. Moreover, the warrant was read to the defendant at the time the police came to search his house, and a xerox copy showing the judge’s signature was also given to him. When defendant asked for a signed duplicate, the police realized that they did not have a second signed copy. Shortly thereafter, a signed duplicate was obtained from the police station and furnished to the defendant.
Our decision is controlled by Harden v. State, 433 So.2d 1378 (Fla. 2d DCA 1983). There we held that in the absence of a showing of prejudice, the failure to serve a proper copy of a search warrant at the time of its execution does not justify the quashing of the search. As in Harden, the defendant here has made no showing of prejudice.
Defendant’s attempt to recast the issue on appeal by questioning whether the officers had even a signed original with them at the time of the search cannot be sustained. While the record does not unequivocally demonstrate that the officers had a signed original with them, this argument was neither included as a ground in the motion to suppress nor advanced at the hearing on the motion. Therefore, the state cannot be penalized for failure to present a more complete record on this point.
REVERSED.
RYDER, C.J., and HOBSON, J., concur.