470 So.2d 840 (1985)
Richard Lawrence TERHUNE, Appellant,
v.
STATE of Florida, Appellee.
No. 84-2729.
District Court of Appeal of Florida, Second District.
June 12, 1985.
*841 Peter D. Aiken, Fort Lauderdale, for appellant.
Jim Smith, Atty. Gen., Tallahassee, and Robert J. Krauss, Asst. Atty. Gen., Tampa, for appellee.
GRIMES, Judge.
Appellant was charged with trafficking in cocaine. His motion to suppress the seizure of cocaine was denied. He then pled nolo contendere reserving the right to appeal the denial of the motion to suppress.
The police were conducting surveillance of the residence of David Davila which they believed was being used for the distribution of cocaine. Appellant, a suspected drug courier, was thought to be inside. At approximately 2:10 p.m. on July 11, 1984, the police obtained a warrant authorizing the search of the residence, "including persons therein." About five minutes later, Davila was arrested in a taxicab approximately one half mile from his residence.[1] The police learned from Davila that he was to arrange for a taxicab to go to Davila's residence at 3:15 p.m. to take appellant to the airport. They had reason to believe that a cache of weapons was stored inside the house. Although the officers had the search warrant in hand, they were apprehensive about executing it in mid-afternoon because the summer session of a school located in the immediate vicinity was about to let out. In order to delay the execution of the search warrant and yet apprehend the appellant, the police devised a plan whereby one of their officers disguised himself as a taxicab driver and drove a bogus taxicab[2] to the residence at the appointed time. After appellant was transported about two blocks from the residence, a patrol car stopped the cab on the ruse of a traffic violation. Thereupon, the police apprehended appellant and found cocaine in his coat pocket. In the meantime, a SWAT team surrounded the residence. However, the execution of the search warrant and the actual entry into the residence were delayed until late afternoon. The police found weapons inside but no other persons.
The appellant concedes that the police could have executed the search warrant and searched appellant as he left the house.[3] However, he contends that the police were not authorized to search him pursuant to the warrant once he left the curtilage. In support of his position, he cites People v. Green, 33 N.Y.2d 496, 310 N.E.2d 533, 354 N.Y.S.2d 933 (1974), in *842 which a warrant authorized only the search of an apartment rented by a third party and "any ... person found therein." As the police approached to execute the warrant, they observed the defendant as he left the apartment. The court invalidated the search of the defendant's person on the ground that he was not within the premises specifically described in the warrant at the time he was searched.
The only reason the New York officers were unable to execute the warrant against Green while he was still in the apartment was because they were late in arriving. In the instant case, the police were in a position to execute the warrant while the appellant was still within the specifically described premises. Should the fact that they deliberately chose not to do so for reasons of safety preclude them from later searching appellant under the circumstances of this case? In this respect, the trial judge noted:
THE COURT: I am going to rule that the detention and the search of the defendant were pursuant to a valid search warrant which was in fact in existence. He was clearly a person therein. We know that from Mr. Brock's going to the door and the defendant following him out and getting in the cab. He was detained and searched pursuant to that valid search warrant, and clearly the warrant had not been formally executed at the time.
I don't see the legal significance of that in the unique factual situation we have here. The officers say that the reason for the search away from the premises was the safety factor. There is a school approximately a hundred feet or less from the premises. And I think, under the unique factual situation we have here, the way the defendant was detained and stopped was appropriate. So I'm going to deny the Motion to Suppress.
The police had probable cause to believe that Davila's residence was being used in a large-scale drug operation. They suspected that weapons were being stored in the house. Had they stormed the house upon obtaining the search warrant, they might have endangered the lives of children departing from a nearby school. When asked why they did not stop appellant after he came out of the house but before he had left the curtilage, one of the officers explained that they were not certain whether others were still inside. Therefore, the police could not take the risk of apprehending appellant until he was out of the line of sight of the residence. We hold that these facts presented sufficient exigent circumstances for the execution of the search warrant upon appellant two blocks away.
The conduct of the police in withholding the search was patently reasonable. The integrity of the search was preserved because appellant was accompanied by an officer from the time he left the house until he was searched. Thus, our decision is consistent with the recent United States Supreme Court rulings which apply a common-sense approach to the exclusionary rule that focuses primarily upon the reasonableness of police action. E.g., United States v. Leon, 468 U.S. ___, ___, 104 S.Ct. 3405, 3419, 82 L.Ed.2d 677, 696 (1984) ("assuming that the [exclusionary] rule effectively deters some police misconduct and provides incentives for the law enforcement profession as a whole to conduct itself in accord with the Fourth Amendment, it cannot be expected, and should not be applied, to deter objectively reasonable law enforcement activity").
Affirmed.
RYDER, C.J., and LEHAN, J., concur.
NOTES
[1] The validity of Davila's arrest is not at issue in this appeal.
[2] They had previously obtained the taxicab through forfeiture proceedings.
[3] Compare Samuel v. State, 222 So.2d 3 (Fla. 1969), with Poole v. State, 247 So.2d 443 (Fla. 1st DCA), cert. denied, 251 So.2d 879 (Fla. 1971). See State v. De Simone, 60 N.J. 319, 288 A.2d 849 (1972) (a warrant to search unnamed persons present at a specified place is sufficient, depending upon whether there is probable cause to believe persons present are involved in the criminal event).