542 So.2d 1043 (1989)
STATE of Florida, Appellant,
v.
George NELSON, Appellee.
No. 88-263.
District Court of Appeal of Florida, Fifth District.
April 27, 1989.
*1044 Robert A. Butterworth, Atty. Gen., Tallahassee, and Colin Campbell, Asst. Atty. Gen., Daytona Beach, for appellant.
James R. Valerino, of Cotter, Uhrig, Valerino & Cohen, P.A., Orlando, for appellee.
COBB, Judge.

ON MOTION FOR REHEARING
We withdraw the prior opinion in this case and issue the following in its place.
The issue is whether the execution of a search warrant without the supporting affidavit is fundamentally improper so as to mandate suppression of evidence irrespective of any showing by the defendant of actual prejudice. The instant warrant was properly issued but the supporting affidavit, which was incorporated by reference, was thereafer removed and not physically attached at the time of execution. The search warrant as executed was invalid without the supporting affidavit because the warrant did not independently contain a description of the premises to be searched. Affidavits describing the place to be searched and items to be seized must be attached to a warrant where the affidavit is relied upon to cure a deficiency in the warrant. See Kelly v. State, 508 So.2d 568 (Fla. 2d DCA 1987); §§ 933.07 & 933.11, Fla. Stat. (1987).
This is not a situation where the executing officer had a valid and complete warrant in his possession and served an incomplete duplicate on the defendant or the searched premises. Cf. State v. Gaunt, 456 So.2d 534 (Fla. 2d DCA 1984); Harden v. State, 433 So.2d 1378 (Fla. 2d DCA 1983); and State v. Henderson, 253 So.2d 158 (Fla. 4th DCA 1971). In such cases, suppression should be denied absent a showing of prejudice. The officer who conducted the instant search did not have the requisite exhibit describing the location in his possession at the time of the search. Moreover, he also failed to serve a copy of the affidavit on the defendant or leave one at the locus of the search.
In State v. Riley, 462 So.2d 800 (Fla. 1985) police officers entered and secured the premises to be searched pursuant to a valid and previously issued search warrant; the search transpired after the executing officers had the warrant physically in hand. The Florida Supreme Court, in upholding the search, restated the certified question so as to emphasize the fact that the search of the premises did not proceed "until the search warrant [was] physically available at the premises for execution." Riley at 801.
*1045 Where a search warrant fails to adequately specify material to be seized, and leaves the scope of the seizure to the discretion of the executing officer, it is constitutionally over-broad. The policy consideration is that nothing should be left to the discretion of the officer executing the warrant. The purpose of requiring particularity in the description of things to be seized under a warrant is to prevent "general searches." Pezzella v. State, 390 So.2d 97, 99 (Fla. 3d DCA 1980), review denied, 399 So.2d 1146 (Fla. 1981).[1] This same reasoning applies where the deficiency in the search warrant relates to a description of the premises to be searched; the particularity requirement prevents searches and seizures at a location not intended by the search warrant, thus safeguarding the privacy and security of individuals against arbitrary invasions by governmental officials. Jackson v. State, 87 Fla. 262, 99 So. 548 (1924); State v. Brooker, 449 So.2d 386 (Fla. 1st DCA 1984) (the description of the place to be searched must identify the place to be searched to the exclusion of all others and on inquiry lead the officers unerringly to it); Shedd v. State, 358 So.2d 1117, 1118 (Fla. 1st DCA 1978) (a search of a citizen's residence must be based on the description set forth in the warrant and not left to the discretion of an officer).
In the instant case, Agent Grady procured the search warrant and delivered it to another agent to execute the search. Grady retained the affidavits contrary to section 933.11.[2] While service of an incomplete copy of the search warrant is not a legitimate basis for suppression of evidence in the absence of a showing of prejudice by a defendant, this assumes that the executing officer has a valid and complete search warrant physically in his possession at the time of the search. Gaunt; Harden; Henderson. By the state's admission, the executing officer in this case had an incomplete warrant in his possession at the time of the search. Accordingly, we grant rehearing and find that the decision of the trial court suppressing the evidence must be
AFFIRMED.
COWART, J., and GLICKSTEIN, H.S., Associate Judge, concur.
NOTES
[1] In Carlton v. State, 449 So.2d 250 (Fla. 1984), the court disapproved of Pezzella's strict requirement of particularity concerning controlled substances, but at the same time recited with approval the general policy considerations as outlined above.
[2] Section 933.11 states that a duplicate shall be delivered to the executing officer "with the original warrant."