**STATE of Tennessee, Appellant,**

v.

**Roger K. STEELE, Kim J. Steele, Jennifer S. Ellis, Appellees.**

Court of Criminal Appeals of Tennessee, at Jackson.

Nov. 9, 1994.

Charles W. Burson, Atty. Gen., and Joel W. Perry, Asst. Atty. Gen., Nashville, G. Robert Radford, Dist. Atty. Gen., Huntingdon, John Overton, Asst. Dist. Atty. Gen., Savannah, for appellant.

Stephen L. Hale, Bolivar, for appellees Roger K. Steele and Kim J. Steele.

Richard DeBerry, Asst. Dist. Public Defender, Camden, for appellee Jennifer S. Ellis.

**OPINION**

TIPTON, Judge.

The state appeals as of right from the Hardin County Circuit Court's dismissal of the indictment charging the defendants, Roger K. Steele, Kim J. Steele and Jennifer S. Ellis, with felonious possession of marijuana and unlawful possession of drug paraphernalia. The dismissal resulted from the trial court's suppressing the contraband from the evidence due to lack of compliance with Rule 41(c), Tenn.R.Crim.P., in that the defendants were not provided with an exact copy of the original search warrant used to obtain the contraband. The only issue raised by the state is whether the trial court erred in suppressing the evidence.

On August 22, 1993, the general sessions judge for Hardin County issued a search warrant for the defendants' residence. The warrant was executed that same day by Brian Huggins, an agent with the 24th Judicial Drug Task Force, and the contraband in question was seized. The copy of the warrant left with the defendants does not contain the time of the warrant's issuance, although the original does. At the suppression hearing, Agent Huggins testified that he wrote the time on the original warrant when the judge signed it, but failed to write the time on the copy. In granting the defendants' motion to suppress, the trial court stated that there was a lack of compliance with Rule 41 because two exact copies of the search warrant were not made.

Rule 41(c) provides in pertinent part that:

The magistrate shall prepare an original and two exact copies of the search warrant, one of which shall be kept by him as a part of his official records, and one of which shall be left with [the] person or persons on whom the search warrant is served. The magistrate shall endorse upon the search warrant the hour, date, and name of the officer to whom the warrant was delivered for execution.... *Failure of the magistrate to make said original and two copies of the search warrant or failure to endorse thereon the date and time of issuance ... shall make any search conducted under said search warrant an illegal search and any seizure thereunder an illegal seizure.*

(Emphasis added). These provisions derive from a predecessor statute, T.C.A. § 40–518 (repealed 1979). In *Talley v. State*, 208 Tenn. 275, 278, 345 S.W.2d 867, 869 (1961), our supreme court stated that the intent of the statute "was to secure the citizen against carelessness and abuse in the issuance and execution of search warrants." It concluded that the language was plain and mandatory. *See Johnson v. State*, 208 Tenn. 620, 622, 348 S.W.2d 295, 296 (1961). This court has concluded that a similar intent exists for Rule 41(c). *See State v. Gambrel*, 783 S.W.2d 191, 192 (Tenn.Crim.App.1989). Likewise, we believe that the provisions of Rule 41(c) are mandatory.

In this case, the magistrate failed to make two exact copies of the original warrant as issued in that the copies did not contain the magistrate's endorsement of the time of issuance. We view this variance between the original search warrant and the defendants' copy to render the search and seizure pursuant to the warrant invalid under the express provisions of Rule 41(c).

We note that the rule, by its terms, contemplates that the magistrate should make the endorsement of the time when he or she issues the warrant—a matter of judicial action. Although we do not necessarily consider as automatically invalid a magistrate's endorsement of the time that is actually written by the executing officer or affiant at the time of the warrant's issuance, this case is an example of the risks created by the delegation to or the assumption by a police officer of a function expected to be performed by the magistrate.

The judgment of the trial court is affirmed.

JONES and PEAY, JJ., concur.