WHATLEY, Judge.
Charles Henderson appeals his convictions of possession of cocaine and possession of marijuana. He contends the trial court erred in denying his motion to suppress. We agree and reverse.
At the hearing on the motion to suppress, Lieutenant Queen testified that on August 4, 1995, Pinellas County sheriffs deputies proceeded to Henderson’s residence to execute a search warrant. The warrant had been issued after a confidential informant engaged in a controlled buy of cocaine from Henderson at the residence. Queen testified that during his surveillance of Henderson’s residence prior to execution-of the warrant, he observed Henderson drive up in a Nissan Pathfinder and park it behind a Cadillac along the street in front of the residence. Henderson exited the Pathfinder, walked across the street where a ditch was being-dug, and looked around. He then walked over to the Cadillac, opened the passenger door to that car, and bent down into the area of the glove compartment for about thirty to sixty seconds. When Henderson went into *971 his residence, the officers proceeded to execute the search warrant. Henderson was arrested for the prior sale of cocaine to the confidential informant. Detective Lutz then searched the Cadillac and found eight pieces of crack cocaine in the glove compartment. He also searched the Pathfinder and found a baggie of marijuana.
In his motion to suppress the cocaine and marijuana, Henderson argued that the search of the Cadillac and the Pathfinder exceeded the scope of the search warrant, which authorized a search of his residence and the curtilage thereof. He also argued that the officers did not have probable cause to search either of the vehicles. The trial court denied the motion to suppress and entered an order finding that the officers did have probable cause based on the facts that Henderson had previously sold cocaine to a confidential informant, that he was observed arriving in one vehicle and putting something in the passenger side of another vehicle, and that no cocaine was found during the search of the residence. The court ruled that because probable cause existed to support the search of the vehicles, it need not rule on whether the vehicles were within the curti-lage of the residence and were properly searched pursuant to the warrant. In response to Henderson’s motion for rehearing, the trial court directed that the order denying the motion to suppress be corrected to reflect that Lieutenant Queen testified he could not see what Henderson did when he bent down into the Cadillac. The court ruled that the motion to suppress was dispositive-of the two possession counts.
In this appeal, Henderson contends the trial court erred in denying the motion to suppress because the officers did not have probable cause to search the two vehicles. We agree. Henderson’s actions of arriving at his residence in the Pathfinder, walking over to the Cadillac, opening the passenger door, and bending down into the car in the area of the glove compartment for about thirty to sixty seconds provided the officers with at most a hunch or guess as to what Henderson might have been doing. Furthermore, Detective Lutz testified the officers had no information regarding criminal aetivity in conjunction with the vehicles, and the vehicles were not listed in the search warrant. Although the warrant authorized the search of the curtilage of the residence, the vehicles were not within the curtilage as they were parked along the curb of the street in front of the residence. Hartpence v. State, 509 So.2d 975 (Fla. 5th DCA 1987).
The one case relied upon by the state is distinguishable because the officers in that case observed two separate hand-to-hand exchanges of currency for an unidentified object in a location known for crack cocaine sales. Revels v. State, 666 So.2d 213 (Fla. 2d DCA 1995). The officer in this case observed nothing but Henderson’s movements; no currency, objects, or transactions were observed.
Accordingly, we reverse the order denying the motion to suppress and remand for proceedings consistent with this opinion.
DANAHY, A.C.J., and ROSMAN, JAY B., Associate Judge, concur.