KAHN, J.
 

 Appellant Jalmel Merriel pled no contest to trafficking in cocaine, reserving the right to appeal the dispositive denial of a motion to suppress incriminating evidence. For the reasons that follow, we affirm.
 

 BACKGROUND
 

 On February 20, 2007, with his wife behind the wheel, Merriel left his home in the family car while law enforcement officers surveilled the property, suspicious that appellant was involved in the illegal drug trade. Previously, the officers had obtained a warrant commanding them to search appellant’s home as well as “all persons, vehicles, and outbuildings, located on the curtilage thereof,” for “evidence of possession and/or distribution of controlled substances.”
 

 Earlier in the morning, investigators watched the home for four and one-half to five hours. A deputy sheriff in a marked patrol car waited nearby with instructions to stop appellant when he left. Investigator Jeremy Gilbert, with the Okaloosa County Sheriffs Office, testified below that officers could have executed the search warrant at any point during their surveillance, but they made a “deliberate decision” to wait until appellant left the premises. Gilbert testified officers believed that a small child and dangerous dogs were inside the Merriel home, and that detaining appellant off-site would eliminate the dangers associated with executing the warrant with him inside the home. Moreover, Gilbert testified, investigators hoped appellant would cooperate with them in other investigations; detaining him off the property would reduce “the amount of people that are there seeing
 
 *589
 
 [the search and arrest,] which [would] decrease the chances of him being burned, as we say, by any other of his suppliers or any other suspects,” Gilbert said.
 

 Undisputed testimony below established appellant and his wife got into the car and drove away from the house. They traveled a block in approximately thirty seconds before the deputy in a marked patrol car stopped their vehicle. The deputy, Tim Patterson, conducted the traffic stop at the instruction of the surveillance investigators and did not believe appellant’s wife committed any traffic infractions before the stop. Officers detained appellant in a police van, while an investigator drove appellant’s car back to the residence, there conducting a search revealing a quantity of cocaine.
 

 Appellant, charged with trafficking in cocaine, moved to suppress the incriminating evidence. The trial court denied the suppression motion following a hearing during which Gilbert, Patterson, and another investigator gave testimony as outlined above. Appellant then pled no contest to the trafficking charge, reserving his right to appeal the dispositive denial of the suppression motion. Upon consideration of appellant’s argument, we find no error in the denial of the motion to suppress, and we affirm Merriel’s conviction and sentence.
 

 ANALYSIS
 

 As a principle of clearly established constitutional law, a search warrant must particularly describe the items law enforcement officers are authorized to seize as well as the geographical location they are authorized to search.
 
 See State v. Eldridge,
 
 814 So.2d 1138, 1140-41 (Fla. 1st DCA 2002);
 
 State v. Nelson,
 
 542 So.2d 1043, 1045 (Fla. 5th DCA 1989) (explaining that “the particularity requirement prevents searches and seizures at a location not intended by the search warrant, thus safeguarding the privacy and security of individuals against arbitrary invasions by governmental officials”). Neither the letter nor the beneficial purposes of the particularity requirement have suffered insult in this case.
 

 Appellant submits this case is controlled by
 
 Henderson v. State,
 
 in which police officers obtained a warrant to search the suspect’s “residence and the curtilage thereof’ but instead searched two vehicles parked on the street after observing the defendant drive up in one vehicle and place something inside the other. 685 So.2d 970, 971 (Fla. 2d DCA 1996). Nothing in the case suggests either of these vehicles had been recently moved from the “curtilage.” Noting the search warrant “authorized the search of the curtilage of the residence,” the Second District summarily concluded that “the vehicles were not within the cur-tilage as they were parked along the curb of the street in front of the residence.”
 
 Id.
 
 The court held the trial judge should have suppressed incriminating evidence found in one car, concluding the officers exceeded the scope of the warrant and lacked independent probable cause to search the vehicles.
 
 Id.
 

 The present case involves important factors sufficiently distinguishable that
 
 Henderson
 
 does not control here. As the State notes, important exceptions apply to the rule discussed in
 
 Henderson,
 
 particularly where (1) officers reasonably fear for their safety in executing a search warrant with the suspect inside a home; and (2) incriminating evidence is found in a vehicle that just left that home and that would have been searched but for officers’ safety concerns.
 

 In
 
 Lassiter v. State,
 
 for example, officers with a warrant to search the suspect’s home and vehicles on its curtilage feared a volatile mix of chemicals inside the home
 
 *590
 
 would endanger officers if they attempted to execute the search warrant with the suspect inside, so they “chose to wait for persons already in the house to exit because they wanted the house to be empty before trying to enter.” 959 So.2d 360, 362 (Fla. 5th DCA 2007). Evidence also established that officers wanted to detain the suspect away from the home, so as not to tip off others associated with the narcotics lab they believed was operating there.
 
 Id.
 
 at 363. During extended surveillance, investigators staking out the residence saw the suspect open and close the hood of his car before driving away; five miles down the road, the officers stopped the car and found drugs under the hood.
 
 Id.
 
 at 362.
 

 On appeal, the Fifth District affirmed the denial of the defendant’s motion to suppress evidence of the cocaine, holding that the officers were “prudent and reasonable ... to have waited for [the suspect] to leave” before executing the search warrant.
 
 Id.
 
 at 364. The court cautioned, however, “that this off premises search is permissible because of the peculiar and dangerous nature of the product involved, as well as the reasonable time and distance that elapsed before the search occurred.”
 
 Id.; accord Terhune v. State,
 
 470 So.2d 840, 842 (Fla. 2d DCA 1985) (upholding execution of search warrant upon individual whom undercover officer drove two blocks from residence for which warrant authorized search; concluding officers’ belief that weapons were inside house justified executing warrant upon individual away from premises).
 

 Here, undisputed record evidence established that officers believed dangerous animals and, potentially, a small child were inside appellant’s home. On the basis of that belief, officers chose to wait for appellant to leave the home and to execute the search warrant after detaining him a safe distance away from the premises. Testimony established Patterson, the deputy sheriff, stopped appellant’s vehicle after it traveled a block in approximately thirty seconds. In
 
 Lassiter,
 
 five miles was a “reasonable ... distance” from the residence to neutralize officers’ safety concerns; the block between the vehicle and its origin in this case was equally reasonable under these circumstances. We find no suggestion in the record, nor does appellant argue, that the vehicle took on its incriminating payload at some point between its departure from the home and the traffic stop. Officers could and would have searched the car while it was on the premises, but for them reasonable concern about the prudence of doing so. On these particular facts, we disagree with appellant that stopping the vehicle immediately after it left the home, where it undisputedly fell under the ambit of the search warrant for many hours, exceeded the scope of the warrant.
 

 CONCLUSION
 

 Cases such as this require us to take note of the realities of law enforcement and police officers’ duty to conduct operations safely while assiduously honoring suspects’ constitutional rights. We find no infringement of appellant’s rights in this case under the particular circumstances presented here.
 

 Appellant’s conviction and sentence are AFFIRMED.
 

 HAWKES, C.J., and WOLF, J., concur.