EVANDER, 3..
In March 2014, Appellant, Ronald Russ, Jr. (“Russ”), pled no contest to burglary of a structure, felony petit fheft, resisting an officer without violence, and possession of burglary tools (Counts I through IV of the second amended information). We affirm, without diséussion, his convictions on those counts. Approximately three months later, Russ entered a no contest plea to three additional counts of burglary of a structure and felony petit theft (Counts V through X), reserving the right to appeal the denial" of his motion to suppress.[1] On appeal, Russ contends that evidence seized from his mother’s residence pursuant to a search warrant should have been suppressed because: (1) the affidavit in support of the search warrant did not contain sufficient facts .to establish probable cause to issue the, warrant; and (2) the search warrant was overly broad. We find merit to both of these.arguments and reverse Russ’s convictions on Counts V through X.
On April 17, 2013, Russ was arrested on burglary charges after two police officers observed him at approximately 2:00 a,m. peering through the broken window of a department store in the Gateway Plaza located in Leesburg, Florida. The officers were working in an undercover capacity “in the area of U.S. Highway 27 due to multiple commercial burglaries.” Russ was wearing a glove on one hand and had a shirt wrapped around his face. When the officers pulled up in their vehicle, Russ unsuccessfully attempted to flee the scene. The officers subsequently located a hooded sweatshirt, a second glove, a pry bar, and a cash drawer at the scene.
Russ resided with his "mother and provided her address to the police. He admitted to police that he had burglarized the store.' He initially advised the officers that he had entered the department store by kicking in and breaking the glass door. Later he changed his story and told police that hé' broke the glass by throwing a cinder block through it. Russ denied his involvement in any other burglaries.
The police then sought a search warrant for the residence of Russ’s mother. The affidavit submitted in support of the search warrant stated, in relevant part:
[T]he defendant stated he was attempting to burglarize the Bealls Outlet Store, located at 931 N 14th Street, Leesburg *625 Florida 34748. The defendant stated he threw a piecé.of a cinder block at the southern most entrance door. He.advised he entered the store, snatched the cash drawer, the [sic] exited the store from the same entry point. He advised upon exiting with the cash drawer, he observed the Leesburg police. The defendant stated he threw the cash drawer and began to run. A short chase ensued and the defendant was captured. The defendant said he was responsible for this burglary, the defendant stated he lives with his mother at the above address. When I first asked the defendant how he entered, he replied he thought he kicked the door glass to break it; later stating he threw a piece of cinder block threw [sic] it. There were[1] several other local burglaries in the same general area that match the motive [sic] of his [sic] incident. The defendant advised he was not responsible for any other burglary but the one he admitted to. There have been a total of twelve burglaries in a two week period with the same modus operandi.
Notably, the affidavit was devoid of any information setting forth the dates of the “two week period” in which the other burglaries had occurred. Furthermore, the only information provided with regard to the other burglaries were the conclusory statements that the burglaries occurred “in the same general area” and involved “the same modus operandi.”
A determination of probable cause is reviewable de novo. State v. McGill, 125 So.3d 343, 348 (Fla. 5th DCA 2013) (citing Pagan v. State, 830 So.2d 792, 806 (Fla.2002)). The probable cause inquily is limited to “the four corners of the affidavit.” State v. Paige, 934 So.2d 595, 597 (Fla. 5th DCA 2006). To establish probable cause for the issuance of a search warrant, a supporting affidavit must set forth--facts establishing two.elements: (1) the commission element — that a particular person has committed a crime; and (2) the nexus element — that evidence related to the probable criminality is-likely to-be located in the place to be searched. State v. Felix, 942 So.2d 5, 9 (Fla. 5th D.CA 2006). An attenuated connection between the defendant, the place to be. searched, and the illegal activity does not constitute probable cause. See Burnett v. State, 848 So.2d 1170, 1172-75 (Fla. 2d DCA 2003) (holding that affidavit in support of search warrant failed to establish probable cause that possession of child pornography evidence was located at defendant’s residence because search warrant merely recited af-fiant’s experience with child sex crimes, the discovery, of other child pornography during a consensual search of defendant’s room, and concluded. that - it was likely more evidence would be found).
Here, we conclude that the affidavit is deficient because' the connection between Russ, his mother’s residence, arid the twelve other burglaries is attenuated at best. Given the lack of a reference date for the other twelve burglaries, the magistrate was unable to properly evaluate .the likelihood that evidence of those burglaries would- be found in Russ’s mother’s residence. McGill, 125 So.3d at 349 (“In the instant case, the trial court correctly noted that the affidavit did not provide the date on which the Cl allegedly observed the cannabis and cash inside McGill’s house; therefore, the Cl’s observation alone would have been insufficient to satisfy the nexus requirement.”). Additionally, without any description of the other burglaries, the magistrate was precluded from comparing the modus operandi of those burglaries to the burglary committed by Russ.
The search warrant issued by the magistrate in the present case authorized the law enforcement officers to seize “any *626 and all burglary tools, stolen items, or any similar items' pertaining to this or- any othér recent burglar/’ found on the premises. Where a search warrant fails to adequately specify material to be seized, and leaves the scope of the seizure to the discretion of the executing officer, it is constitutionally overbroad. State v. Nelson, 542 So.2d 1043, 1045 (Fla. 5th DCA 1989); see also § 933.05, Fla. Stat. (2013). The use of broad categories and generalities-can render a search warrant overly broad. See Polakoff v. State, 586 So.2d 385, 387, 392 (Fla. 5th DCA 1991) (holding that search warrant authorizing search for “documents recording the extension’ of credit to Haya Bigloo” was constitutionally overbroad). In Ingraham v. State, 811 So.2d 770 (Fla. 2d DCA 2002), a search warrant authorizing police to search for “certain evidence relating to Arson and Burglary to wit: Clothing, shoes, and other physical evidence relating to the Crime [sic] of Arson and Burglary” was found to be constitutionally overbroad.
We agree ... that the trial court erred in denying the motion to suppress because the search warrant failed to describe the items to be seized with particularity. In -fact, the warrant very nearly authorized a general search of [appellant’s] apartment.
Id. at 772-73. Similar to Ingraham, the search warrant here did not contain the requisite level of particularity and was constitutionally overbroad.
We also reject the State’s good faith exception argument. In general, the good faith exception precludes the suppression of evidence secured pursuant to an invalid warrant when the officer who conducts the search does so in objectively reasonable reliance upon the validity of the warrant. McGill, 125 So.3d at 351 (citing to United States v. Leon, 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984)). The exception does not apply where an affidavit is “so lacking in indicia, of probable cause as to render official belief in its existence entirely unreasonable.” Leon, 468 U.S. at 923, 104 S.Ct. 3405. Here, the failure to set forth a date for the-other burglaries, combined with the lack of specific information regarding those burglaries resulted in the affidavit lacking the requisite indicia of probable cause to support the State’s good faith exception argument.
Furthermore, the good faith exception does not apply where the search warrant is so facially deficient in failing to particularize the place to be searched or the things to be seized, that the executing officers cannot reasonably presume it to be valid. Id. Here, the warrant was clearly facially deficient as the.result of the failure to particularize the items to be seized in Russ’s mother’s residence.
In conclusion, we reverse Russ’s convictions on Counts V through X because his dispositive motion to suppress should have been granted. The convictions on Counts I through IV are affirmed.
AFFIRMED, in part; REVERSED, in part; and REMANDED.
BERGER and EDWARDS, JJ., concur.

. The trial court found the motion to suppress was dispositive on Counts V through X, and the State did not challenge this determination.