291 So.2d 262 (1974)
Gary W. BOOZE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 73-830, 73-831, 73-832, 73-833 and 73-834.
District Court of Appeal of Florida, Second District.
March 8, 1974.
Rehearing Denied April 3, 1974.
*263 Guillermo A. Ruiz and Philip J. Padovano, St. Petersburg, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Baya Harrison, III, Asst. Atty. Gen., Tampa, for appellee.
MANN, Chief Judge.
An admittedly sufficient affidavit resulted in the issuance of a search warrant in which the description of the premises to be searched and the property to be seized were not stated above the judge's signature. The warrant did state, however, that "the affidavit for search warrant made by Officer George William Leake and Randy Rabe is hereby made a part of this search warrant and a copy is attached."
We hold this a good warrant. Incorporation by reference is a perfectly acceptable means of avoiding the repetition of language set forth elsewhere. Any officer armed with this warrant, to which the affidavit was attached and, by the issuing judge, made a part of the warrant, could go unerringly to the property and seize the property particularly described. Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118.
We find nothing in the authorities cited by the appellant which should encourage belief in this appeal's merit. Bloom v. State, Fla.App. 4th 1973, 283 So.2d 134, invalidated a warrant directing seizure of "stolen property received and concealed upon the aforesaid premises in violation of Section 811.16, Florida Statutes," which cannot be said to describe particularly the property to be seized, as the Constitutions require. U.S.Const. Amend. IV; Fla. Const. Art. I, § 12, F.S.A. One page beyond the language quoted in the appellant's brief we find the ground of our affirmance here:
"Some decisions, however, have permitted an affidavit to cure a defective search warrant where the affidavit and the search warrant are such that they can be reasonably said to constitute one document. Two requirements must be satisfied to reach this result: first, the affidavit and search warrant must be physically connected so that they constitute one document; and second, the search warrant must expressly refer to the affidavit and incorporate it by reference using suitable words of reference."
We agree with the statement in United States v. Kaye, 1970, 139 U.S.App.D.C. 214, 432 F.2d 647, at 649 to the effect that "it is the description in the search warrant, not the language of the affidavit, which determines the place to be searched." What the appellant overlooks is that here the warrant incorporates the affidavit and they are physically attached. Moore v. United States, 1972, 149 U.S.App.D.C. 150, 461 F.2d 1236.
It is important to note the requirement that the affidavit be attached to and made a part of the warrant. As Judge Leventhal said in Moore, supra, "The requirement that the affidavit be attached to or inserted in the warrant is not a mere formality. It makes the affidavit of probable cause immediately available to the person whose premises are entered, and explains to him at the outset the reason for this intrusion on his privacy. And it avoids any possible claim or suspicion by the citizen involved that the affidavit later located in the official file was inserted after the fact of the search."
*264 While we find no legal fault with the procedure followed in this case, it might be well if each page of a multi-page document were initialed or signed by the judge issuing the warrant. The procedure used here has at least the virtue of eliminating some typing, and with appropriate regard to the risk of questions which might later be raised as to the authenticity of the entire affidavit-embracing warrant, may be a useful pattern of procedure. We find it legally and constitutionally adequate on the record before us.
The contraband seized, on the basis of which these charges were brought, was found in the course of search for particularly described property and did not result from an unlawful extension of the scope of the search.
Affirmed.
HOBSON and GRIMES, JJ., concur.