417 So.2d 1154 (1982)
STATE of Florida, Petitioner,
v.
Ronald Donald SMELT, Respondent.
No. 82-1073.
District Court of Appeal of Florida, Second District.
August 13, 1982.
*1155 E.J. Salcines, State Atty., Elizabeth L. Hapner and Claire Cours Jackson, Asst. State Attys., Tampa, for petitioner.
Richard A. Lazzara and Bennie Lazzara, Jr., Tampa, for respondent.
PER CURIAM.
This certiorari petition is brought from an appellate decision of the circuit court reversing a judgment of the county court. The circuit judge held the county court improperly denied a motion to suppress evidence seized in connection with a search.
The search was made pursuant to a warrant which specified the premises to be searched but which went on to describe the items to be seized as follows:
[A]nd there is now being kept on said premises certain OBSCENE, LEWD AND LASCIVIOUS MOTION PICTURES FILMS
which is being kept and used in violation of the Laws of the State of Florida, to-wit: the Laws prohibiting CERTAIN ACTS IN CONNECTION WITH OBSCENE, LEWD AND LASCIVIOUS MATERIALS F.S.A. 847.011 AND INSTRUMENTALITIES USED IN PERPETRATION OF A CRIME SUBJECT TO SEIZURE UNDER 933.02
That the facts tending to establish the grounds for this application and the probable cause of affiant believing that such facts exist are as follows:
SEE ATTACHED EXHIBIT "B" WHICH IS HEREBY INCORPORATED BY REFERENCE AND MADE A PART HEREOF.
Exhibit "B" is an affidavit of a detective which specifically describes the content of certain films alleged to be obscene.
The state argues that the affidavit, attached to the search warrant, cured the vagueness of the warrant. The circuit judge disagreed on the ground that "... the fact that the affidavit in support of the search warrant is incorporated in various parts of the search warrant does not cure the deficiency in that the affidavit was not incorporated or made part of the aforesaid portion of the search warrant which was designed to describe the items to be seized."
We find this case is controlled by Booze v. State, 291 So.2d 262, 263 (Fla. 2d DCA 1974), cert. denied, 297 So.2d 836 (Fla. 1974), cert. denied, 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974), holding as follows:
An admittedly sufficient affidavit resulted in the issuance of a search warrant in which the description of the premises to be searched and the property to be seized were not stated above the judge's signature. The warrant did state, however, that "the affidavit for search warrant made by Officer George William Leake and Randy Rabe is hereby made a part of this search warrant and a copy is attached."
* * * * * *
We hold this a good warrant. Incorporation by reference is a perfectly acceptable means of avoiding the repetition of language set forth elsewhere. Any officer armed with this warrant, to which the affidavit was attached and, by the issuing judge, made a part of the warrant, could go unerringly to the property and seize the property particularly described. Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118.
There is no mention or importance attached in Booze as to which section of the *1156 search warrant contained the clause which incorporated the affidavit by reference. A fair reading of this entire warrant and incorporated affidavit leaves no doubt as to the specific items to be seized. Here, as in Booze, "any officer armed with this warrant, to which the affidavit was attached and, by the issuing judge, made a part of the warrant, could go unerringly to the property and seize the property particularly described."
Accordingly, we find that the circuit judge departed from the essential requirements of law in reversing the county court judgment. Certiorari is granted with instructions to reinstate the judgment of the county court.
BOARDMAN, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.