482 So.2d 405 (1985)
STATE of Florida, Appellant,
v.
Jeremiah CARSON and Rose Nell Carson, Appellees.
Nos. 84-2150, 84-2151.
District Court of Appeal of Florida, Second District.
December 11, 1985.
Jim Smith, Atty. Gen., Tallahassee, and Karla J. Staker, Asst. Atty. Gen., Tampa, for appellant.
*406 Joseph R. Fritz, Tampa, for appellees.
OTT, Acting Chief Judge.
The state appeals an order of the trial court which granted defendants' motion to suppress evidence. The trial court concluded that the search warrant was invalid because the supporting affidavit and exhibits were not "physically attached" to the warrant. We reverse.
Defendants were charged with possession of cocaine and drug paraphernalia. They moved to suppress evidence obtained during a search of their house conducted pursuant to a search warrant. The facts surrounding the issuance of the search warrant are not in dispute.
On March 2, 1984, a Tampa police officer presented a Hillsborough County judge with a file folder containing (1) a search warrant; (2) an affidavit in support of the warrant; and (3) documents entitled "Exhibits A, B, and C." The warrant, affidavit, and exhibits were not stapled or paper clipped together.
The blank space on the warrant and affidavit for the description of the premises to be searched contained the following: "See Exhibit `A' which is attached and made a part hereof." Exhibit A described in detail the premises to be searched.
The blank space for information establishing probable cause contained the following:
See Exhibit "B" which is attached and made a part thereof.
See Exhibit "C" which is attached and made a part hereof.
Exhibit B set forth a detailed statement regarding the officer's grounds for probable cause. Exhibit C contained photographs of the place to be searched.
As such, the affidavit and all exhibits were identified and referenced to on the face of the warrant, and all were contained in a single file folder.
Additionally, the judge signed and dated the affidavit and search warrant. He and the police officer also initialed each page of Exhibits A, B, and C.
On March 5, 1984, the police officer executed the warrant and arrested defendants.
At the hearing on the motion, defendants argued that because the exhibits and the affidavit in support of the search warrant were never physically attached to the warrant, the warrant was facially defective, in that the place to be searched was not described as required by section 933.05, Florida Statutes (1983). The trial court granted defendants' motion to suppress.
On September 20, 1984, a hearing was held on the state's motion for reconsideration. The state unsuccessfully argued for application of the good-faith exception to the exclusionary rule. This timely appeal followed.
Section 933.05 provides:
A search warrant cannot be issued except upon probable cause supported by affidavit or affidavits, naming or describing the person, place, or thing to be searched and particularly describing the property or thing to be seized... .
An affidavit may cure a defective search warrant where the affidavit is (1) incorporated into the warrant by express reference; and (2) physically attached to the warrant. Booze v. State, 291 So.2d 262 (Fla. 2d DCA 1974), cert. denied, 297 So.2d 836 (Fla. 1974).
In support of the trial court's ruling, defendants contend that the search warrant here was defective because there was no description of the place to be searched on the face of the warrant, but only a reference to the exhibits. Further, they claim the affidavit and exhibits did not cure the defect because they were not physically attached to the warrant. This extremely technical view of the physical attachment requirement is without merit.
The purpose of the attachment requirement, as stated in Booze, is to make:
the affidavit of probable cause immediately available to the person whose premises are entered, and explains to him at the outset the reason for this intrusion on his privacy. And it avoids any possible *407 claim or suspicion by the citizen involved that the affidavit later located in the official file was inserted after the fact of the search.
291 So.2d at 263 (quoting Moore v. United States, 461 F.2d 1236 (D.C. Cir.1972)).
In the present case, the exhibits which supported the affidavit and warrant and which were expressly incorporated by reference into the warrant sufficiently described the place to be searched. Indeed, a photograph of the premises was included. Additionally, the exhibits, affidavit, and warrant were all contained in a single file folder. They were physically contained in one folder, if not attached by a paper clip, staple, etc. Finally, the judge and officer initialed each page of the exhibits. There was no showing by the defendants that the total package  warrant, affidavits, and exhibits  was not served on them. Neither was there any claim that the warrant, with the exhibits, was lacking in specificity. Further, there was no showing or even a suggestion that any other documents were substituted for the ones used to obtain the warrant. See United States v. Haydel, 649 F.2d 1152 (5th Cir.1981), cert. denied, 455 U.S. 1022, 102 S.Ct. 1721, 72 L.Ed.2d 140 (1982) (burden of proof is on petitioner in motion to suppress).
As such, we hold that the warrant in the present case was legally sufficient under section 933.05 and Booze v. State. Obviously, we would strive to require the physical attachment of the supporting documents to the search warrant that they accompany to prevent the dangers of which Booze warns. We believe that the warrant here, which was accompanied in a single file folder by its initialed supporting affidavit and exhibits referenced to and identified on the face of the warrant, sufficiently met that requirement. Accordingly, the trial court's order which granted the defendants' motion to suppress is reversed and the case is remanded for further proceedings consistent with this opinion.
Because of our disposition of the case, we need not address whether the good-faith exception to the warrant requirement would have been applicable. See United States v. Leon, ___ U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
LEHAN and HALL, JJ., concur.