483 So.2d 81 (1986)
Everette Lamar SIMS, Appellant,
v.
STATE of Florida, Appellee.
No. BF-62.
District Court of Appeal of Florida, First District.
February 7, 1986.
Rehearing Denied March 5, 1986.
Michael Allen, Public Defender, Terry P. Lewis, Sp. Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen., Wallace E. Allbritton, Asst. Atty. Gen., for appellee.
McCORD, GUYTE P. JR. (Ret.), Associate Judge.
Sims appeals the denial of his motion to suppress. We reverse.
Sims was charged by information in two separate cases with grand theft of certain building materials. A search warrant was executed and numerous items seized from his residence. In response, Sims filed a motion to suppress in both cases contending, inter alia, that the warrant did not sufficiently describe the property to be seized. The trial court denied the motion to suppress.
*82 It is a fundamental requirement that a search warrant to be valid must set forth with particularity the items to be seized. U.S. Constitution, Amendment 4; Florida Constitution, Article I, Section 12; Sections 933.04, 933.05, Florida Statutes (1983). Further, in determining the sufficiency of a search warrant on this issue, the inquiry is limited solely to an examination of the warrant itself and the supporting affidavit. Carlton v. State, 449 So.2d 250 (Fla. 1984).
As was observed by the Florida Supreme Court in North v. State, 159 Fla. 854, 32 So.2d 915, 917 (1948):
The phrase "particularly describing the ... thing to be seized" must be given a reasonable interpretation consistent with the type or character of the property sought. As is pointed out in State v. Nejin, 140 La. 793, 74 So. 103, 106 [(1917)]: ".. . where the purpose of the search is to find specific property, it should be so particularly described as to preclude the possibility of seizing any other. On the other hand, if the purpose be to seize, not specified property, but any property of a specified character, which, by reason of its character and of the place where and the circumstances under which it may be found, if found at all, would be illicit, a description, save as to such character, place, and circumstances, would be unnecessary and, ordinarily, impossible; as, for instance, where a search is ordered for dies for the counterfeiting of money, or for opium, or gambling devices, or lottery tickets, or intoxicating liquors, alleged to be held in possession unlawfully, and the same is true though the illegality may consist in the intended use rather than the mere possession of the property." See also 47 Am.Jur. 524-25, Title, Searches and Seizures § 37. (Emphasis supplied.)
The search here was to find specific items of stolen property. The only item mentioned in the warrant however was a blue wheelbarrow with no description to identify it from any other blue wheelbarrow. The total insufficiency of the description was highlighted by the fact that the officers who executed the warrant seized 27 different items of which 13 had to be returned because they could not be identified as stolen.
The State argued successfully in the court below that the reference in the warrant to the police report numbers, under the crime category, cured the description defect. Case law makes it clear that the particularity requirement at issue in this case must be judged by looking "only to the information contained within the four corners of the warrant." Carlton at 251. If the complaint referred to in the warrant had been incorporated by reference and attached to the warrant, and if it had so particularly described the property as to preclude the possibility of seizing any other, it would have met the test. See State v. Smelt, 417 So.2d 1154 (Fla. 2d DCA 1982) (incorporation by reference in the search warrant to an attached exhibit particularly describing the property is sufficient). As was observed in Booze v. State, 291 So.2d 262, 263 (Fla.2d DCA 1974), cert. denied, 297 So.2d 836 (Fla. 1974), cert. denied, 419 U.S. 997, 95 S.Ct. 312, 42 L.Ed.2d 271 (1974):
Incorporation by reference is a perfectly acceptable means of avoiding the repetition of language set forth elsewhere. Any officer armed with this warrant, to which the affidavit was attached and, by the issuing judge, made a part of the warrant, could go unerringly to the property and seize the property particularly described. Joyner v. City of Lakeland, Fla. 1956, 90 So.2d 118.
The facial invalidity evident in the warrant in question precludes resort by the State to the good faith exception to the exclusionary rule enunciated in United States v. Leon, 468 U.S. ___, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984). Indeed, the United States Supreme Court in that case specifically stated that the exception should not be available, although the officers involved acted in good faith, where the warrant is facially deficient "in failing to particularize the place to be searched or the *83 things to be seized" on the basis that the executing officer cannot, under such circumstances, "reasonably presume [the warrant] to be valid." 104 S.Ct. at 3422; United States v. Accardo, 749 F.2d 1477 (11th Cir.1985); State v. Ross, 471 So.2d 196 (Fla. 4th DCA 1985).
In view of our disposition on this issue, we do not consider it necessary to discuss the remaining argument urged by Sims.
REVERSED.
ERVIN and WIGGINTON, JJ., concur.