CAMPBELL, Judge.
In this appeal, we are presented with two questions concerning the sufficiency of a search warrant. We only address the first issue which questions whether a search warrant is valid when the supporting affidavit is not attached to it. Appellant cites two cases out of this court which lend some confusion to that question.
In State v. Carson, 482 So.2d 405 (Fla. 2d DCA 1985) and Booze v. State, 291 So.2d 262 (Fla. 2d DCA), cert. denied, 297 So.2d 836 (Fla.1974) (which Carson relied upon), the description in the actual search warrant of the premises to be searched was admittedly deficient. In both Carson and Booze, however, the supporting affidavit was not only referred to in the search warrant, it was attached to the search warrant and adequately described the premises to be searched. In Carson, other exhibits were also attached.
In Carson and Booze, this court sustained the search warrants in reliance upon the attached affidavits and exhibits. The issue in those cases was whether the supporting documents used to cure a deficient warrant were adequately made a part of or physically attached to the warrant, so as to allow a court to rely on the description in the attached documents. We seek here to remove any implication that a search warrant, valid on its face, must have a supporting affidavit attached to it and made a part of it.
An affidavit must be attached to a warrant only if it is to be relied upon when the warrant is not valid on its face. If a warrant is not facially valid, the supporting document may be referred to to cure the deficiency of the warrant. The confusion, if any, arises because of the statement in Booze that “[i]t is important to note the requirement that the affidavit be attached to and made a part of the warrant.” Booze, 291 So.2d at 263. As support for that statement, Moore v. United States, 461 F.2d 1236 (D.C.Cir.1972) is cited. Moore, however, involved a provision then existing in the District of Columbia Code § 23-301 that mandated, “The said warrant shall have annexed to it, or inserted therein, a copy of the affidavit upon which it is issued.” Moore, 461 F.2d at 1239. Our statute, chapter 933, Fla.Stat. (1985), pertaining to search warrants, contains no similar mandate. Thus, while Carson and Booze do stand for the rule that an affidavit must be attached to and made a part of the search warrant where the affidavit is relied upon to cure a deficiency in the warrant, an affidavit is not required when the warrant itself is sufficient.
We find no merit in appellant’s other issue which questions whether the affidavit properly established probable cause.
Affirmed.
DANAHY, C.J., and SCHEB, J., concur.