521 So.2d 262 (1988)
Jose Miguel PEREZ, Appellant,
v.
STATE of Florida, Appellee.
No. 87-253.
District Court of Appeal of Florida, Second District.
March 2, 1988.
*263 Peter D. Ringsmuth of Smith & Ringsmuth, Fort Myers, for appellant.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Lauren Hafner Sewell, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Chief Judge.
This is an appeal from the denial of a motion to suppress a video cassette recorder (VCR) as evidence. The appellant, Jose Perez, pled nolo contendere to theft of the VCR reserving his right to appeal the court's order which was dispositive of the case. In this appeal he raises two issues. In the first issue he claims that a warrant, which first gave the officers entrance to his home, was defective because it did not have the supporting affidavit attached to it. In his second issue the appellant claims (a) that the seizure of the VCR from his home was improper in that the warrant failed to describe it with sufficient particularity, and (b) that the seizure did not comport with the requirements of the plain view exception to the warrant requirement as set forth in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). We find no error on the first issue but we do agree with the appellant on the second issue and, accordingly, reverse on that basis.
The facts of this case are as follows. A search warrant was issued by a Lee County judge based upon an affidavit of Deputy Sheriff Rick Maness. The affidavit stated that two arrested burglars had given sworn statements to Maness that, at the appellant's home, they had traded stolen guns to the appellant in exchange for rock cocaine. The search warrant properly described the premises to be searched and listed cocaine and the specific make, model, and caliber of each gun to be seized. The alleged probable cause was based upon the recited facts that cocaine was suspected of being at appellant's residence and the stolen guns there were instruments and fruits of a crime. The judge concluded in the warrant that there was probable cause based on these recited facts. When Maness executed the search warrant at the appellant's home, he presented only the search warrant; the supporting affidavit was not attached to it and not presented at execution in any other manner. Maness found neither cocaine nor guns in the home.
While Maness was in the appellant's home, a second officer, Deputy Robert Sherry, delivered to Maness a list of all property recently stolen in the county. One of the items on the list was a Fisher-brand VCR, but no serial or model number or other identification was provided. In the appellant's home, sitting on top of and attached in the normal manner to the appellant's television, was a Fisher-brand VCR. Sherry requested Maness to seize the VCR "for further identification." Maness did so and the VCR was taken to the sheriff's office. Bill Wade, the victim of a burglary in which a Fisher-brand VCR had been taken, was requested to come to the office to identify the machine. Wade came to the office but could not identify the VCR since it bore no distinguishing markings. Only after Wade returned home to locate the serial number of his stolen recorder and returned to the office with that information was it determined that the VCR taken from the appellant's home actually belonged to Wade.

ISSUE I

Attachment of Affidavit
There is no dispute that neither the probable cause affidavit nor any copy was *264 attached to the warrant when it was executed at the appellant's residence. Under this court's decision of Kelly v. State, 508 So.2d 568 (Fla. 2d DCA 1987), if a warrant is valid on its face, which we find the warrant in the instant case to be, attachment of the supporting affidavit is not necessary. The appellant's cited cases of State v. Carson, 482 So.2d 405 (Fla. 2d DCA 1985), and Booze v. State, 291 So.2d 262 (Fla. 2d DCA 1974), are inapposite because in those two cases the warrant was admittedly defective on its face and the supporting affidavit was needed to rectify those particular defects. Such is not the case here as far as the guns and the cocaine were concerned; the items to be seized were described with admirable particularity, the premises description was sufficient and the probable cause facts were properly alleged. We cannot say that the probable cause conclusion was erroneous since the issuing magistrate did have sufficient facts from the affidavit to find probable cause. In any event, the appellant has not argued the sufficiency of the probable cause finding to us.

ISSUE II

(A) Particularity of Description in Warrant
The appellant argues that his motion to suppress should have been granted since the warrant did not describe the item that was seized (the VCR) with sufficient particularity. In response, the state interestingly suggests that since the warrant makes use of the language "stolen property" as set out in the appropriate statute regarding grand theft, section 812.014, Florida Statutes (Supp. 1986), the seizure of the VCR was lawful. This argument runs afoul of the constitutional and statutory requirements that items seized pursuant to a warrant must be described with particularity. U.S. Const. amend. IV; Fla. Const. art. I, § 12; § 933.05, Fla. Stat. (1985); Carlton v. State, 449 So.2d 250 (Fla. 1984); see also Sims v. State, 483 So.2d 81 (Fla. 1st DCA 1986). The only items described at all in the warrant were cocaine and guns of certain makes, models and calibers. Accordingly, we find no merit in the state's argument on this issue and hold that the warrant in this case did not properly describe the VCR which was seized.

(B) Plain View Exception to Warrant Requirement
The state contended, and the trial court agreed, that the plain view exception applied in this case. The appellant contends on appeal that the state failed in its burden to show that the plain view exception was correctly applied. We agree with the appellant.
The elements of the plain view exception are set forth in Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971). They are:
1. The seizing officer must be in a position where he has a legitimate right to be.
2. The officer must come across the evidence inadvertently.
3. The incriminating nature of the evidence must be immediately apparent on its face.
See also Ensor v. State, 403 So.2d 349 (Fla. 1981).
Coolidge has been clarified by the recent Supreme Court case of Arizona v. Hicks, ___ U.S. ___, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987). Writing for the majority, Justice Scalia held that a seizure based upon the plain view exception must be supported by probable cause. Hicks, 107 S.Ct. at 1153. In this case, we have already found that the warrant was facially valid so the officers were in a place they had a legitimate right to be. Thus, the first prong of the Coolidge test was satisfied. We have no trouble finding compliance with the second: There is no question that the officers came upon the property inadvertently. There still remains, however, the third prong. At the suppression hearing, Maness testified that when he came upon the VCR in the appellant's living room, it did not strike him that it was stolen nor did he link it with a particular burglary. He observed nothing unusual about the VCR. Compare Hicks, 107 S.Ct. at 1153. Thus, the third prong of the Coolidge test was *265 not satisfied. To find otherwise would run counter to the admonition in Hicks that, as pointed out in Coolidge, the "plain view doctrine may not be used to extend a general exploratory search from one object to another until something incriminating at last emerges." Hicks, 107 S.Ct. at 1154.
As with Maness, Sherry did not have probable cause to seize the VCR when he entered the home. The stolen property list he carried from the sheriff's office contained no identifying data other than the popular brand name of the VCR, and Sherry had no other independent information concerning any incriminating element regarding the VCR. Sherry's statement that the seizure was for "further identification" supports our holding that probable cause was lacking in this instance. The owner himself could not show that it was stolen until he procured his records containing the serial numbers. The machine itself bore no discriminating features or marks on it as it sat in its innocuous position in the appellant's home. On these facts we hold that neither of the officers had probable cause to believe the VCR was stolen property and that, therefore, the motion to suppress should have been granted.
It may well be that the law of search and seizure which now includes Hicks' clarified requirement of probable cause in plain view cases will hamper law enforcement efforts. Even so, our citizens have chosen this burden to insure their privacy rights in their own homes. As Justice Scalia put it:
To say otherwise would be to cut the "plain view" doctrine loose from its theoretical and practical moorings. The theory of that doctrine consists of extending to nonpublic places such as the home, where searches and seizures without a warrant are presumptively unreasonable, the police's long-standing authority to make warrantless seizures in public places of such objects as weapons and contraband. See Payton v. New York, supra [445 U.S. 573] at 586-587, 100 S.Ct. [1371] at 1380 [63 L.Ed.2d 639 (1980)]. And the practical justification for that extension is the desirability of sparing police, whose viewing of the object in the course of a lawful search is as legitimate as it would have been in a public place, the inconvenience and the risk  to themselves or to preservation of the evidence  of going to obtain a warrant. See Coolidge v. New Hampshire, supra, [403 U.S.] at 468, 91 S.Ct. at 2039 (plurality). Dispensing with the need for a warrant is worlds apart from permitting a lesser standard of cause for the seizure than a warrant would require, i.e., the standard of probable cause. No reason is apparent why an object should routinely be seizable on lesser grounds, during an unrelated search and seizure, than would have been needed to obtain a warrant for that same object if it had been known to be on the premises.
Hicks, 107 S.Ct. at 1153-54.
The appellant's conviction for grand theft is reversed and the case is remanded for proceedings consistent with this opinion.
Reversed and remanded.
RYDER and HALL, JJ., concur.