LEHAN, Judge.
Defendant appeals his convictions for capital sexual battery and kidnapping. We affirm.
His first contention on appeal is that the trial court erred in denying his motion to suppress evidence seized from his residence. He argues, citing Perez v. State, 521 So.2d 262 (Fla. 2d DCA 1988), that the search warrant and affidavit in support thereof did not describe with sufficient particularity the items to be seized. We disagree. The principally incriminating items admitted into evidence, i.e., pink panther dolls, which the victim described and which were seized from defendant’s residence were particularly specified in the affidavit. See State v. Smelt, 417 So.2d 1154 (Fla. 2d DCA 1982).
His second contention is that evidence of two collateral crimes was erroneously admitted to identify him as the perpetrator of the crimes for which he was being tried in this case. He argues, citing Peek v. State, 488 So.2d 52 (Fla.1986), that the evidence did not show that those collateral crimes shared sufficiently unique similarities with the crimes for which he was being tried and that he was not positively connected with the collateral crimes as required by White v. State, 407 So.2d 247 (Fla. 2d DCA 1981). However, we conclude that both of the collateral crimes shared with the crimes for which defendant was being tried aspects “so unique or particularly unusual about the perpetrator or his modus operandi that introduction of the collateral crimes evidence would tend to establish that he committed the crime charged.” Buenoano v. State, 527 So.2d 194, 197 (Fla.1988). The crimes for which he was being tried involved the perpetrator transporting the victim on a motorcycle. One of the collateral crimes involved the same thing and the victim of the other such crime saw a motorcycle in the garage of the perpetrator’s home. All three crimes involved the presence of pink panther dolls in the room at the offender’s residence where the crimes took place and sexual acts of a particular oral nature, with accompanying talk of a particular nature, which we need not describe here. Also, all three victims were young girls about five years old who, it appears from the record, shared similar physical characteristics. See Heuring v. State, 513 So.2d 122 (Fla.1987).
We conclude that defendant was sufficiently connected with one of the collateral crimes, that in which the perpetrator transported the victim on a motorcycle. His photograph was identified by the victim of that crime. The only evidence connecting defendant with the other collateral crime was the victim’s reference to her assailant as “Mark,” which is defendant’s name, and a detective’s testimony that defendant was a suspect in that case and that the detective had made a decision to arrest defendant based upon undescribed probable cause. While that evidence was insufficient to connect defendant positively with that crime, we conclude there was harmless error in that regard. See State v. Lee, 531 So.2d 133, 136 (Fla.1988). See also Bryan v. State, 533 So.2d 744, 747 (Fla.1988); Smith v. State, 479 So.2d 804, 807 (Fla. 1st DCA 1985).
His third contention is that the prosecutor made improper comments during closing argument. However, since there was no objection thereto and no motion for mistrial, this contention was not preserved for appeal. See Ryan v. State, 457 So.2d 1084, 1091 (Fla. 4th DCA 1984).
His fourth contention is that there was error in the admission of hearsay testimony concerning statements of the victim because there was insufficient compliance with the requirement of section 90.-803(23)(b), Florida Statutes (1985), as to advance notice of hearsay testimony intended to be introduced and, contrary to *917 sections 90.803(23)(a) and (c), the trial court did not conduct a hearing outside the jury’s presence as to the admissibility of the hearsay and make specific findings of its reliability. However, we conclude, as the trial court found, that the state did provide sufficient such notice by attaching to the notice of that forthcoming testimony copies of depositions and police reports which contained the hearsay statements in question. Also, no objection is shown to have been made to the lack of such a hearing and findings, and there appears to be nothing materially different in the hearsay testimony concerning statements of the victim as compared to the victim’s own direct testimony at trial.
Defendant’s last contention is that the evidence was insufficient to identify him as the perpetrator. However, there was evidence that the victim at a photo lineup pointed to defendant’s photograph and said, “That looks like him.” Also, the victim identified defendant’s residence as the place where she had been taken by her attacker and described various personal items which were later found in defendant’s residence. In addition, as we have said, there was properly permitted collateral crime evidence in that regard.
Affirmed.
CAMPBELL, C.J., and RYDER, J., concur.