W. SHARP, Judge.
The state appeals from the trial court’s order, which granted Gayle’s motion to suppress evidence seized as a result of a search of Gayle’s apartment, pursuant to a search warrant. The trial court found the search warrant was facially invalid because it failed to incorporate the affidavit by reference and by itself it failed to establish probable cause for the search. It also found the warrant was improperly executed because the police officer left the warrant in his car while conducting the search. We reverse.
The record here discloses that a confidential informant made a controlled purchase of cannabis from Gayle in a Winter Park apartment, in April of 1989. While there he saw two large plastic bags containing smaller bags of cannabis. The informant had told Detective Johnson about Gayle’s activities, and the controlled buy was made in cooperation with Johnson.
Detective Johnson sought a search warrant. In his affidavit submitted in support of the warrant, he described the location of the apartment to be searched, the items (cannabis) to be searched for, and the identity of the appellant (resident of the apart *970 ment, a black male named “Tony”). The affidavit also detailed facts of the controlled buy, what was seen in the apartment, and facts to establish the reliability and background of the confidential informant.
The search warrant, which was issued, described the location to be searched, the substance to be searched for, and the identity of the individual who occupied the apartment. It expressly recited that the issuing judge found probable cause for the search, based on “facts made known to me.” That reference was to the affidavit which was stapled to the warrant.
When the police executed the warrant the following day, they knocked on the apartment door and announced the search warrant. They broke in when they saw Gayle run to the back of the apartment. They caught Gayle in the bathroom trying to flush bags of cannabis down the toilet. At that point, the officers did not have the search warrant in hand.
Gayle was placed in the living room. Johnson returned to his car and brought back the search warrant. He read the warrant to Gayle, but not the affidavit. The warrant and affidavit had been together in a folder, but the two had become separated. Officers retrieved the numerous bags of cannabis, and left copies of the warrant, but not the affidavit.
A search warrant which is valid on its face needs no affidavit attached. Kelly v. State, 508 So.2d 568 (Fla. 2d DCA 1987). However, a defective warrant can be cured by an affidavit which is referenced in the warrant and which is physically attached to the warrant. State v. Carson, 482 So.2d 405 (Fla. 2d DCA 1985), rev. denied, 492 So.2d 1330 (Fla.1986). For both reasons, we think the search warrant was legally sufficient in this case.
Section 933.04, Florida Statutes (1989) requires that a search warrant be issued only if probable cause is established with “oath or affirmation particularly describing the place to be searched and the person and thing to be seized.” That was done in this case. Further, sections 933.05 and 933.07, Florida Statutes, require only that the warrant itself must describe the person, place and thing and location to be searched, as was done in this case.
Probable cause must be established “by affidavit” or other proof. Sections 933.06 and 933.07 require the issuing magistrate to have affidavits or other proof before him which set forth facts to establish probable cause. He then must issue the warrant based on that evidence. But those provisions do not require the warrant itself to recite or repeat the facts recited in the affidavit which establish probable cause. Brenner v. State, 337 So.2d 1007 (Fla. 3d DCA 1976), cert. denied, 348 So.2d 944 (Fla.1977).
State v. Gamage, 340 A.2d 1 (Me.1975), is somewhat similar to the facts in this case. In Maine, at that time, the rules of criminal procedure apparently required probable cause to appear in the warrant, or to be incorporated by reference in the warrant. The warrant in question stated:
As I am satisfied that there is probable cause to believe that the property/person so described and used ...
No further specification of probable cause was contained in the warrant.
The court in Gamage noted that the above paragraph endeavored to state probable cause on which the warrant was issued. It said that a statement of factual matter, whether conclusory or detailed, on the face of the warrant, cannot serve to establish probable cause that is a prerequisite to the issuance of the warrant. Search warrants must be tested for legal vitality regarding probable cause solely on the affidavits themselves, or sworn testimony of the affiant reduced to a writing. The warrant must stand or fall solely on the content of the affidavit. Id. at 8-9. When the search warrant contains no jurat, “any factual matter recited on the face of the warrant is unsworn and cannot contribute to establishing probable cause.” Id. at 9. Apart from the affidavit, language on the face of the warrant can have no independent legal significance in establishing the substance of probable cause. Id.
*971 At issue in the Gamage case was whether the supporting affidavit was actually presented to the magistrate at the time he made his determination that probable cause existed. The court found that this kind of issue should be determined on a case-by-case basis. Id. at 10-11. The court found that the grounds of probable cause stated on the face of the warrant were insufficient to establish probable cause, apart from the supporting affidavit. However, the warrant referred to the affidavit (although it contained no words of incorporation), and the affidavit contained sufficient factual material to establish it was the judge’s source for determining probable cause.
Florida law holds that the failure to attach an affidavit to a valid search warrant does not make the warrant defective. Perez v. State, 521 So.2d 262 (Fla. 2d DCA 1988). But here it is clear the affidavit was attached to the warrant when issued. Further, even if the warrant should have contained a recitation of probable cause facts (which we question) the affidavit fastened to the warrant supplied this element. And the warrant itself fully complied with all of the requirements for a search warrant, including an express finding of probable cause.
We conclude that the failure of the police to leave a copy of the affidavit with the warrant does not invalidate the search, absent a showing of prejudice. State v. Nelson, 542 So.2d 1043 (Fla. 5th DCA 1989). In order to challenge a search on this ground, a defendant must show that he was prejudiced by the fact that the officer did not give him a copy of the affidavit. Harden v. State, 433 So.2d 1378 (Fla. 2d DCA 1983). No showing of prejudice was made here. State v. Henderson, 253 So.2d 158 (Fla. 4th DCA 1971).
We also find no basis for the trial court’s conclusion that the search warrant was in validly executed. Neither section 933.09 nor section 933.11, Florida Statutes (1989) is violated when an officer, without immediate physical possession of a warrant, enters and secures the premises for which the warrant has been issued. Determinative is whether the warrant has, in fact, been issued, executed, and in the possession of the officers before the search begins. In the case sub judice, it is clear that the warrant had been issued before the officers arrived at Gayle’s apartment, and that the warrant was in a folder in the police vehicle. See Segura v. U.S., 468 U.S. 796, 104 S.Ct. 3380, 82 L.Ed.2d 599 (1984); State v. Riley, 462 So.2d 800 (Fla.1984). This failure to comply with section 933.11[1] is at best a technical defect which does not invalidate the search or the search warrant. There is a presumption officials properly perform their duties. Jones v. State, 296 So.2d 519, 521 (Fla. 3d DCA 1974), quashed on other grounds, State v. Jones, 327 So.2d 18 (Fla.1976); Purdy v. Mulkey, 228 So.2d 132 (Fla. 3d DCA 1969).
Accordingly, we reverse the appealed suppression order and remand this cause for further proceedings.
REVERSED; REMANDED.
COWART, J., concurs.
GRIFFIN, J., concurs in result only.

. Section 933.11 provides:
search warrants shall be issued in duplicate. The duplicate shall be delivered to the officer with the original warrant, and when the officer serves the warrant, he shall deliver a copy to the person named in the warrant, or in his absence to some person in charge of, or living on the premises. When property is taken under the warrant the officer shall deliver to such person a written inventory of the property taken and receipt for the same, specifying the same in detail, and if no person is found in possession of the premises where such property is found, shall leave the said receipt on the premises.