PER CURIAM.
This cause is before us on appeal from orders denying appellants’ suppression motion and placing appellants on probation. On September 26, 1992, a search warrant was issued to “the Sheriff of Bay County” to search appellants’ residence for drugs and drug-related paraphernalia. The resultant search was executed by a Bay County deputy sheriff and members of the Lynn Haven Police Department. Appellants moved to suppress all statements, evidence, and fruits of the search, contending that the search was invalid under section 933.08, Florida Statutes (1991), because the sheriff was not present and did not direct any officers during the search.
Section 933.08, Florida Statutes (1991), requires that search warrants be served by an officer named therein, but by no other person except in aid of that officer, said officer being present and acting in its execution. We find that the deputy sheriff was sufficiently named in the search warrant at issue in the present case by virtue of the sheriff being specifically named therein. By statute, Florida deputy sheriffs have the “same power” as the sheriff appointing them and may serve warrants on behalf of the sheriff. §§ 30.07 and 30.15(l)(b), Fla.Stat. (1991); see also Tanner v. McCall, 626 F.2d 1183 (5th Cir.1980) (describing deputies as a sheriffs alter ego with all the sheriffs sovereign powers except the power to appoint other deputies), cert. denied, 451 U.S. 907, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); Johnson v. Wilson, 336 So.2d 651 (Fla. 1st DCA 1976) (equating power of sheriff and deputy sheriff under section 30.07).
Differentiating between sheriffs and deputy sheriffs in this context would amount to a distinction without a difference and lead to an absurd result. See Sharon v. State, 156 So.2d 677 (Fla.3d DCA 1963) (affirming denial of suppression motion under section 933.08 where search warrant directed to defunct sheriffs office was executed by successor metropolitan sheriffs office; refusing to lend credence to such a “distinction without a difference” in order to avoid absurd result). Reading sectioná 933.08, 30.07, and 30.-15(1)(b) in pari materia, deputy sheriffs are statutorily equated to sheriffs and may execute search warrants in their stead. We therefore AFFIRM.
BOOTH, MICKLE and BENTON, JJ., concur.