814 So.2d 1138 (2002)
STATE of Florida, Appellant,
v.
Gary Dale ELDRIDGE, Appellee.
No. 1D01-1383.
District Court of Appeal of Florida, First District.
April 10, 2002.
*1139 Robert A. Butterworth, Attorney General and Robert R. Wheeler, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellant.
Kristi M. Odom and Roy Lake of Lake & Odom, P.A., Bonifay, for Appellee.
PADOVANO, J.
This is an appeal by the state from an order suppressing evidence obtained by a search warrant. The trial court ruled that the warrant was facially invalid because it did not contain a sufficient description of the property to be seized. We conclude that the contraband articles that were the subject of the search were adequately *1140 identified in the warrant and therefore we reverse.
A county judge issued a search warrant authorizing law enforcement officers to search the residence of the defendant, Gary Dale Eldridge. The warrant describes the residence and incorporates the probable cause statement made in the affidavit. The purpose of the search is stated in the following terms in the opening recital contained in the warrant:
And whereas, said facts made known to me have caused me to certify and find that there is probable cause to believe that certain laws to wit: laws prohibiting the possession, distribution, and manufacturing of controlled substances to wit: methamphetamine, F.S. 893.13, have been and are being violated in or on certain premises, in Holmes County, Florida....
The part of the warrant that commands the officers to conduct the search does not identify any particular item of property to be seized. Instead, it refers back to the description made in connection with the probable cause statement. The final paragraph of the warrant directs the officers to enter and search the premises "for the property described in this warrant."
Law enforcement officers executed the warrant at the defendant's residence on August 9, 2000, and found plastic bags suspected of containing methamphetamine, butane torches, glass pipes, ledger notebooks, plastic straws and other drug paraphernalia. These items were seized and the state filed an information charging the defendant with violations of the controlled substance laws.
The defendant moved to suppress all of the articles taken from his residence. He argued that the search warrant failed to contain a statement describing the property to be seized and that it was therefore insufficient as a matter of law. Additionally, he maintained that the state could not rely on the good faith exception to the exclusionary rule. In response, the state argued that the directive in the warrant to seize the "property described" was an implicit reference to articles used in the possession, distribution, or manufacture of methamphetamine. Following a hearing in which these arguments were presented, the trial court granted the motion to suppress. The state then appealed to this court to seek review of the order.
Rule 9.140(c)(1)(B) of the Florida Rules of Appellate Procedure provides that the state may appeal an order "suppressing before trial confessions, admissions, or evidence obtained by search and seizure." See Blore v. Fierro, 636 So.2d 1329, 1331 (Fla.1994); McPhadder v. State, 475 So.2d 1215, 1216 (Fla.1985). The order at issue in this case qualifies as an order suppressing evidence obtained by search and seizure. It follows that this court has jurisdiction to hear the appeal.
The standard of review of an order granting a motion to suppress evidence depends on the issue adjudicated by the trial court. In the present case, the question presented to the trial court was whether the search warrant was facially sufficient to meet minimum constitutional requirements. Hence, the adjudication involved a pure issue of law. The trial court was not required to make factual findings or to exercise judicial discretion. Because the sufficiency of the search warrant is an issue of law, this court must review the trial court's order by the de novo standard. See Ornelas v. United States, 517 U.S. 690, 699, 116 S.Ct. 1657, 134 L.Ed.2d 911 (1996); Ikner v. State, 756 So.2d 1116, 1118 (Fla. 1st DCA 2000); State v. Setzler, 667 So.2d 343, 346 (Fla. 1st DCA 1995).
It is an established principle of constitutional law that a search warrant *1141 must contain a particular description of the items of property it authorizes the officers to seize. U.S. Const. amend IV; Art. I, § 12, Fla. Const. (1968). The purpose of this requirement is to eliminate exploratory searches and to prevent officers from seizing one thing under the authority of a warrant describing another. Marron v. United States, 275 U.S. 192, 196, 48 S.Ct. 74, 72 L.Ed. 231 (1927); Carlton v. State, 449 So.2d 250, 251-52 (Fla.1984). The particularity requirement limits an officer's discretion in the execution of a search warrant and thereby protects individuals from arbitrary invasions of their privacy.
In determining whether the particularity requirement has been satisfied in a given case, the courts may properly consider the purpose for which the search warrant was issued. If the object of the warrant is to seize specific items of property, those items must be described in detail. In contrast, if the object of the warrant is not to obtain specific items of property, but rather to obtain all property of a certain character, it is not necessary to describe a particular article of property. Carlton, 449 So.2d at 252; Green v. State, 688 So.2d 301, 306 (Fla.1996); Sims v. State, 483 So.2d 81 (Fla. 1st DCA 1986). In such a case, the search warrant may simply define the nature of the property to be seized.
This distinction between specific articles and articles of a specified character is often made in cases involving a search for contraband evidence. See Carlton, 449 So.2d at 252; 2 Wayne R. LaFave, Search and Seizure § 4.6(b) (3d Ed.1996). For example, a warrant authorizing a search for cocaine need not include a description of the cocaine that is as precise as the property description that would be given in a warrant to seize innocent articles such as clothing or accounting records. Cocaine is an illicit substance which may be seized wherever it is found. Assuming the officers have authority to conduct the search, there is little danger they will invade someone's privacy by seizing cocaine other than that described in the warrant.
In view of the illicit nature of contraband, the courts have held that it may be described in less detail than other articles. As Professor LaFave expressed the point, "courts are the least demanding when the objects described are contraband." supra § 4.6(b), at 560. If the search warrant commands the seizure of contraband, as it does in this case, it may describe the contraband by its general character.
The defendant concedes that the search warrant commands the officers to seize "the property described in this warrant," but argues that this reference is meaningless, because the warrant does not actually describe any property. We think that this argument is based on an overly technical view of the applicable constitutional requirements. Although the warrant does not identify the articles to be seized, it does refer to those articles in language that could not be mistaken.
The use of the phrase "property described in this warrant" is plainly a reference to the earlier statement in the warrant that there is probable cause to conclude that the residence is being used to manufacture, possess, and distribute methamphetamine. Any law enforcement officer would readily understand that the warrant authorizes the seizure of contraband articles used in the possession, distribution, and manufacture of methamphetamine. That was the sole purpose of the warrant.
For these reasons we conclude that the search warrant adequately describes the property to be seized. Consequently, we *1142 must reverse the order suppressing the evidence obtained in the search of the defendant's house.
Reversed.
BOOTH and BARFIELD, JJ., CONCUR.