980 So.2d 1181 (2008)
STATE of Florida, Appellant,
v.
John and Jean HILL, Appellees.
No. 4D06-5046.
District Court of Appeal of Florida, Fourth District.
April 16, 2008.
Rehearing Denied May 30, 2008.
Bill McCollum, Attorney General, Tallahassee, and Daniel P. Hyndman, Assistant Attorney General, West Palm Beach, for appellant.
David G. Vinikoor of David G. Vinikoor, P.A., Fort Lauderdale, for appellees.
*1182 STONE, J.
The state appeals an order granting John and Jean Hill's motions to suppress. We affirm. The trial court properly suppressed the evidence because search warrants are unlawfully executed where the search is conducted prior to physical possession of executed warrants or where the search is not conducted by the officer named in the warrants. See State v. Vargas, 667 So.2d 175 (Fla.1996); Morris v. State, 622 So.2d 67 (Fla. 4th DCA 1993); § 933.08, Fla. Stat. (2005).
Detectives Bradford and Williams first obtained a warrant for a K-9 sniff of the outside of Hills' property, based on probable cause to believe that the Hills were cultivating cannabis in their home. Although the K-9 warrant authorized Bradford and Williams to conduct the search, Bradford telephoned another officer to inform him that the warrant was signed. The other officer then performed the K-9 sniff. Following the canine sniff search, the detectives submitted another affidavit to the court to search the interior of the residence. The second affidavit is identical to the first one, except for describing the canine alert.
The trial court found numerous bases for suppressing evidence obtained from the canine sniff search. The trial judge did not find Williams' testimony to be credible and excised certain allegations from the affidavit. As a result, the remaining allegations of probable cause were insufficient to support the canine search warrant. Furthermore, the execution was fatally flawed because neither affiant was present during the search, and the searching officer did not have physical possession of the search warrant. Therefore, unlawful execution of the warrant independently required suppression.
The court also excised the allegation of a K-9 alert from the search warrant for the interior of the home. Neither Bradford nor Williams executed the second warrant. Bradford admitted that he possessed the search warrant and was in transit, arriving forty-five minutes after other officers had already begun executing the warrant:
Q. Who executed this second search warrant for the search inside of the Hill's residence?
A. Other members of the unit that were on scene.
Q. When that search warrant was executed, where were you?
A. In transit.
* * *
Q. Detective Williams was with you?
A. Yes.
Q. Neither you nor the other affidavit [sic] was present when the search warrant was executed for the search inside of the Hill's residence?
A. I was present a short time later.
On appeal, the state argues that even after the trial court excised the information from the affidavits, probable cause existed for the search warrants. However, the trial court did not base its suppression order exclusively on the lack of probable cause, but also on the improper execution.
Section 933.08, Florida Statutes, provides:
The search warrant shall in all cases be served by any of the officers mentioned in its direction, but by no other person except in aid of the officer requiring it, said officer being present and acting in its execution.
In Morris, this court stressed that "statutes authorizing searches and seizures should be strictly construed . . . and searches conducted pursuant thereto must strictly conform to such statutory provisions. . . ." Morris remanded to suppress the evidence seized by an officer who was *1183 not the person named in the warrant. Id. at 68, 70; see also Vargas, 667 So.2d at 177 (holding that motion to suppress should have been granted where the authorized officer was not present, but idly remained "outside the actual room" where the search warrant was executed by an unauthorized officer).
Here, both warrants directed Bradford and Williams to perform the search. However, other, unauthorized, officers executed the search warrants. Because both search warrants were served in violation of section 933.08, Florida Statutes, applying Vargas and Morris, the motion to suppress was properly granted. See also State v. Riley, 462 So.2d 800 (Fla.1984) (distinguishing between searching the premises, which requires physical possession of the warrant, from securing the premises and merely awaiting arrival of the warrant); State v. Gayle, 573 So.2d 968 (Fla. 5th DCA 1991) (concluding that an officer who does not physically possess the warrant may "enter and secure[ ] the premises for which the warrant has been issued" (emphasis added)).
Therefore, the order granting the motions to suppress is affirmed.
STEVENSON and TAYLOR, JJ., concur.