SUAREZ, J.
The State appeals the grant of a motion to suppress evidence seized pursuant to a search warrant. We reverse.
On October 8, 2010, Monroe County Sheriffs Officers executed a search warrant and seized marijuana and paraphernalia at the defendant’s residence. During the search by the Monroe County Sheriffs Officers, it was noted that there were certain possible code violations in the residence. After the search and seizure of the marijuana and paraphernalia, the officers contacted the Monroe County Code Enforcement Office which sent to the scene Code Enforcement Officers who then seized non-contraband items not related to the criminal conduct and not named in the search warrant.[1] The defendant moved to suppress all of the evidence seized by the Sheriffs Officers claiming that the search conducted was invalid due to the subsequent presence of Code Enforcement Officers on the scene. The trial court granted the motion and suppressed all of the evidence. We are in agreement with the State’s position that, because the code enforcement inspection took place after the search warrant had been fully executed by the Sheriffs Officers and because the code enforcement inspection did not directly lead to the seizure of the contraband, the evidence seized by the Sheriffs Officers should not have been suppressed.[2] See State v. Vargas, 667 So.2d 175 (Fla.1995); State v. Hill, 980 So.2d 1181 (Fla. 4th DCA 2008); Romero v. State, 641 So.2d 455 (Fla. 1st DCA 1994); Morris v. State, 622 So.2d 67 (Fla. 4th DCA 1993); Search Warrant Law Desk Book § 12:2 (Feb. 2012); cf. Wilson v. Layne, 526 U.S. 603, 614, 119 S.Ct. 1692, 143 L.Ed.2d 818 (1999) (holding that it is a violation of the Fourth Amendment for police to bring members of the media or other third parties into a home during the execution of a warrant when the presence of the third parties in the home was not in aid of execution of the warrant; not addressing whether the exclusionary rule would apply to any evidence discovered by the media).
The order granting the motion to suppress the evidence is reversed.

. The items seized included an outboard motor and $231.00 in cash.

. We do not address whether the outboard motor and the $231.00 in cash are subject to a motion for return of property in the defendant’s criminal case.