# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D16-4144

_____

MIGUEL BRUTUS,

 Appellant,

v.

STATE OF FLORIDA,

 Appellee.

_____

On appeal from the Circuit Court for Leon County.
Terry Lewis, Judge.

June 13, 2018

PER CURIAM.

Miguel Brutus was convicted of six counts of armed robbery and two counts of armed burglary of a dwelling with assault. He was sentenced to a total of forty years. The only issue in this appeal is whether the trial court erred in denying Brutus's motion to suppress photos found on an iPod.

The crimes occurred in February 2014, when Brutus and two other men burglarized two Tallahassee apartment complexes. After Brutus was identified as a suspect, police obtained a warrant to search his home. The warrant found probable cause to believe that the home contained "certain stolen items and evidence," including an "Apple iPod." (capitalization altered).

The warrant then specifically authorized law enforcement to extract certain digital information "[i]n the event cell phone devices [were] recovered." The final paragraph said the scope would also "encompass any items tending to establish the identity of the persons who have dominion and control of the location, premises, automobiles, or items to be seized."

During the search, police found an Apple iPod, reviewed its contents, and saw a photo of a masked man holding two guns. The State Attorney's office later obtained a second warrant explicitly authorizing law enforcement to extract photos and any other electronic data from the iPod. Brutus moved to suppress the evidence from the iPod, arguing that the original warrant was insufficiently specific as to the iPod and that, regardless, the search exceeded the warrant's scope. Brutus further argued that absent the officers' illegal intrusion into the iPod, they never would have secured the second warrant authorizing extraction of the iPod's contents. The trial court denied his motion.

On appeal, Brutus first argues that the warrant's reference to an "Apple iPod" was too general because iPods are now ubiquitous and the warrant did not describe "the device's color, model, or other defining characteristics." He relies principally on our decision in *Sims v. State*, 483 So. 2d 81, 82 (Fla. 1st DCA 1986), in which we found a warrant insufficiently particular because it referenced a "blue wheelbarrow" but contained "no description to identify it from any other blue wheelbarrow." *Id.* Second, he argues that even if the warrant was sufficiently specific, law enforcement exceeded its scope by searching—rather than merely seizing—the iPod. He points to the fact that the original warrant only authorized extraction of data from "cell phone devices"—not iPods.

We need not decide whether the trial court should have suppressed the evidence found on the iPod because we are convinced beyond reasonable doubt that the error—if any—was harmless. *See, e.g.*, *Ventura v. State*, 29 So. 3d 1086, 1091 (Fla. 2010). Brutus's accomplice testified that he and Brutus committed the burglaries together "to get money or marijuana" and that the burglaries were Brutus's idea. Cell phone records confirmed that the two were both in the vicinity of second burglary and were in communication at the time the burglary occurred. Items stolen

2

during the robbery were recovered at Brutus's residence, and guns recovered from his residence (and containing his DNA) matched the description of the guns used during the crimes. We are convinced that with or without the photos, the result would have been the same.

AFFIRMED.

LEWIS, KELSEY, and WINSOR, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____


Candice Kaye Brower, Criminal Conflict & Civil Regional Counsel, Gainesville, and Michael Jerome Titus, Assistant Regional Conflict Counsel, Tallahassee, for Appellant.

Pamela Jo Bondi, Attorney General, and Jason W. Rodriguez, Assistant Attorney General, Tallahassee, for Appellee.